St.Andrew's
  Church   due, and costs, (the costs of the first hearing and decree
    v.
Tompkins.   excepted,) within thirty days, or that a requisite portion of
the premises, and no more, be sold, to raise the same, with
liberty to the plaintiff to apply for further directions, as
future defaults occur, according to the *formula* given in
*Brinckerhoff* v. *Thallhimer*, (2 *Johns. Ch. Rep.* 486.) and
that the plaintiffs pay the costs of the appearance and an-
swers of the two last defendants.

Decree accordingly.

---

St. Andrew's Church *against* Tompkins and the Bank
of the United States.

A prior mortgagee is not allowed to enlarge his demand beyond what
appears upon the record, in consequence of a separate agreement
between him and the mortgagor, to the prejudice of a second mort-
gagee, who had no notice or information at the time he took his
mortgage, of the agreement between the mortgagor and the first
mortgagee, by which the latter claimed interest, when the bond and
mortgage were, on the face of them, without interest.

*January 7th.*   THE defendant, *T.*, on the 1st of *May*, 1815, purcha-
sed 94 acres of land, in *Richmond* county, subject to three
several leases, each for 21 years, on three several parcels
of the said land, and which parcels amounted in the whole
to 46 acres.   To secure parts of the purchase money, he
gave to the plaintiffs three several bonds, payable 1st of
*May*, 1822, 1st of *May*, 1825, and 1st of *May*, 1826,
*without interest*, and a mortgage upon the whole, to secure
the same, and also a bond, payable 1st of *May*, 1825, with

interest; and for non-payment of interest on the last bond, the bill was filed to foreclose the mortgage. It was agreed, in writing, at the time of the purchase, that the plaintiffs should receive the rents on the three leases as a substitute for interest on the three bonds, which were payable on the face of them without interest, and which leases would severally expire at the times limited for the payment of those three bonds. The defendant, *T.*, afterwards, on the 26th of *September*, 1817, mortgaged the 94 acres to the Bank of the *United States*. The bank had no information or notice of the existence of the leases, or of the reservation of the rents, or of the assignment of the leases to the plaintiffs, and appropriation of the rents thereof to the payment of interest on the bonds. There was nothing said in the bonds or mortgages concerning the leases or rents, and the leases were not on record, nor the assignment of them, or the agreement to appropriate the rents to the plaintiffs. The lessees were in possession of the lands leased, and paid the rents regularly to the plaintiffs, from *May*, 1815, until the 18th of *September*, 1819, when they surrendered their leases to the defendant, *T.*, without the assent or knowledge of the plaintiffs; and the defendant, *T.*, continued to pay the stipulated rents to the plaintiffs, until very lately. The Bank of the *United States* had no knowledge of the surrender of the leases, or any knowledge on the subject of the leases, until recently.

It was agreed that the whole of the bonds, with the costs of foreclosure, should be satisfied by a sale of the mortgaged premises, and that the premises would not, probably, be sufficient to pay the Bank of the *United States*, after the prior incumbrances were satisfied.

The question submitted for the direction of the Master, in computing the amount due to the plaintiffs, was, whether they were entitled, as against the Bank of the *United States*, to be allowed interest, remaining unpaid on the three bonds, payable without interest, in consideration of

1823. the arrangement relative to the rents; and whether, in re-

ST ANDREW'S spect to the two bonds not due, any larger sums ought to

CHURCH be allowed than would, at lawful interest, produce, at the

v.

TOMPKINS. times those bonds would become due, the principal sums therein mentioned.

*J. Wallis*, for the plaintiffs.

*J. L. Lawrence*, for the defendants.

THE CHANCELLOR. The Bank is not chargeable with notice of the leases, or of the agreement of the mortgagor to apply the rents to the plaintiffs as a substitue for interest. Notice that the estate, or part of it, was in possession of a tenant, has been considered as notice of the lease and its contents. In *Taylor* v. *Stibbert*, (2 *Vesey, Jun.* 437.) Lord *Rosslyn* held it to be a rule in equity, that whosoever purchases an estate from the owner, *with information* that it was in possession of tenants, is bound to inquire into the estates of those tenants, and is bound by the leases they hold. The rule was cited and approved of by Lord *Erskine*, in 13 *Vesey*, 120. But the Bank had no notice of the existence of the leases; and the question here is, whether the Bank are bound to allow the prior mortgagee to *enlarge his demand* beyond what it appears upon record, when they had *no other information* at the time they took their mortgage, than what the plaintiffs had disclosed upon record. There is no sound reason why the plaintiffs should take their intermediate interest out of the mortgaged premises, to the prejudice, and probably at the expense of the defendants, any more than that they should enlarge the principal of the debt, in conformity to some private agreement between them and the mortgagor. It is the policy of the registry act, that a subsequent incumbrancer should be able to ascertain *with certainty* the extent of the prior incumbrance; and if moneys not mentioned in the bond or

mortgage can be covered by them, when the rights of a subsequent mortgagee are interposed, and to whom no fraud or negligence is to be imputed, and who is not chargeable with any notice, actual or constructive, it would go to weaken, very essentially, the value of mortgage security.

The master, therefore, can only compute interest on the bond without interest, which is now due, from the 1st of *May* last, when it became due; and on the other two bonds, which are without interest, and not yet due, the amount of principal must be computed, subject to the usual discount or rebate of interest, in like manner as trustees under the insolvent debtor or absconding debtor acts (1 *N. R. L.* 162. 468.) are directed to allow, of debts not due, and not upon interest.