JACKSON, ex dem. ROUNDS and VIELE, against M'CHESNEY

Where a conveyance, acknowledging the receipt of the purchase money, is given of land, on which there is an unregistered [*361] mortgage, it is prima facie evidence, as against the mortgagee, and in favor

EJECTMENT for lands in Easton, Washington county; tried at the Washington circuit, December 18th, 1825, before WALWORTH, C. Judge.

At the trial, it was in proof that Hester Viele, one of the lessors of the plaintiff, on the 29th of December, 1810, conveyed the premises in question to John Groves; for *the consideration, as expressed in the conveyance, of $200, Groves, on the same day, executed to her a bond, and a mortgage of the premises, for the purchase money, which

of the purchaser, and all claiming under him, that the consideration was actually paid.

Otherwise, where a bill in equity is filed, to avoid a conveyance as fraudulent. There the defendant must plead actual payment before he had notice of the plaintiff's rights, and show it in proof. Per Sutherland, J., delivering the opinion of the court.

In ejectment by a mortgagee, against one claiming from the mortgagor by quit-claim deed, the mortgagor is not a competent witness for the plaintiff.

Where one purchases, bona fide, land subject to an unregistered mortgage, the land is discharged from the lien; and though the mortgage be afterwards registered, or notice otherwise given to subsequent purchasers, they are not affected by such registry or notice.

was not registered till the 3th of June, 1811. In the mean time, on the 7th of January, 1811, Groves conveyed the premises by quit-claim deed to Rufus Wright, from whom, through several mesne conveyances, all dated after the registry, the defendant derived title. Each of the conveyances acknowleged payment of about $200 consideration. But there was no proof of actual payment of any of the considerations expressed in Groves' deed, or in either of those which followed. The plaintiff contended that such proof was necessary, to protect the vendees as *bona fide* purchasers. The judge decided that the acknowledgment in the deeds, was *prima facie* evidence of payment. The plaintiff then offered Groves, the mortgagor, as a witness, to prove that he purchased with notice of the mortgage; but the judge rejected him as incompetent. The plaintiff then contended, that as the registry of the mortgage preceded the purchases, by all except Wright, the purchasers were affected by the registry, though claiming from vendors who were not. The judge ruled otherwise, and the plaintiff submitted to a nonsuit; on whose behalf a motion was now made to set the nonsuit aside, on the points made at the trial.

*D. Russell*, for the motion, cited 17 Mass. Rep. 432 ; 7 John. Ch. Rep. 68 ; 2 John. Rep. 525 ; 2 id. 222 ; 15 id. 555 ; 9 id. 163.

*S. Stevens*, contra, cited 14 John. 210 ; 2 Phil. Ev. 62, note (*b*,) and the cases there cited.

*Curia, per* SUTHERLAND, J. The acknowledgment in a deed, of the receipt of the consideration money, is *prima facie* evidence of its payment. It is equivalent to, and like a receipt for money. It is liable to be explained or contradicted ; but until impeached, it is legal and competent evidence of payment. Nor is its operation confined to the immediate parties to the deed. It does not operate by way of estoppel ; but as evidence merely, and * must have the effect of sustaining the deed, by establishing, *prima facie*. [*362]

NEW YORK,
May, 1827.
———————
Jackson
v.
M'Chesney.

the consideration for which it was given, against any per·son who may seek collaterally to impeach it. (*Kip's Executors* v. *Deniston,* 4 John. 26; *Shepherd* v. *Little,* 14 John. 210; *Thallhimer* v. *Brinckerhoff,* 6 Cowen, 102; 2 Phil. Ev. 62, note (*b.*) )

Where a bill is filed to set aside a deed as fraudulent, and the grantee in his answer alleges that he was *bona fide* purchaser, without notice of the plaintiff's claim, he must aver and prove, not only that he had no notice of the plaintiff's rights before his purchase, but that he had actually paid the purchase money before such notice. Even if the purchase money be secured to be paid; yet, if it be not in fact paid before notice, it will not sustain the plea of a purchase for a valuable consideration, without notice.[1] (7 John. Ch. Rep. 68; 1 Atk. 538; 2 Atk. 630; 3 Atk. 304.) But there is no analogy between those cases, and an action of ejectment, where the strict legal title must prevail.

Groves, the mortgagor, had a direct interest in the recovery of the plaintiff. His conveyance to Wright was by a quit-claim deed; so that he was not responsible to him in any event. But if the lessors of the plaintiff should fail to recover the land, he would be liable to Hester Viele, the mortgagee, upon his bond. Should they recover, they might resort to the mortgaged premises; and he be relieved wholly or partially from payment. He was, therefore, properly rejected.

Rufus Wright, then, was a *bona fide* purchaser, without notice of the mortgage; and held the land discharged from its lien. And though the mortgage was subsequently registered, its lien was not thereby restored, so as to affect subsequent purchasers. Wright held the land discharged from the mortgage; and his grantees succeeded to all his rights.

The motion to set aside the nonsuit must, therefore, be denied.

          Motion denied.

[1] See Am. Ch. Dig. by Waterman, tit. *Vendor and Purchaser;* Dart's Vendors and Purchasers of Real Estate, Waterman's notes, p. 389, *et seq.*