Wood v. McClughan, appellant.

*Mortgage — subsequent mortgage presumptively discharged by foreclosure of prior — Evidence — consideration named in deed presumed to be paid.*

In an action to foreclose a mortgage, the holder of a subsequent mortgage was made a party. At the sale in such action G. purchased the premises and took a deed therefor, but paid no money and treated the subsequent mortgage as a lien, and continued to pay interest thereon. *Held*, that a grantee to whom G. conveyed the premises by a full covenant deed, free from all incumbrances, for a valuable consideration, and without notice, took the entire title free from the lien of the subsequent mortgage.

In the absence of proof, a deed will be presumptive evidence of the payment of the consideration named therein.

APPEAL from a judgment in favor of plaintiff entered upon the decision of the court in an action tried by the court without a jury.

The action was brought in Orange county, by Marinda Wood against Samuel Frazer and others, among whom were William McClughan and Mary his wife, to foreclose a mortgage upon premises owned by said William McClughan. The mortgage in question was executed on the 1st day of May, 1858, by defendant Frazer, to

secure the payment to plaintiff of $1,000, upon the 1st of May, 1863, and interest, annually, as provided in a bond of the same date, made by said Frazer and one Thomas George, who was also made defendant. At the time this mortgage was given there was a prior mortgage upon the same premises. An action was brought in 1862 to foreclose the prior mortgage, and plaintiff was made a party thereto, and appeared by attorney therein. Judgment of foreclosure was therein entered and a sale ordered, which took place on the 4th of October, 1862, under the direction of the sheriff of Orange county, and the premises were sold to said Thomas George, who was attorney for the plaintiff in the judgment, for a sum sufficient to pay the mortgage of the plaintiff in this action and all liens prior thereto. No part of the purchase-money was paid by the purchaser to the sheriff except his fees. It was agreed at the time of sale that the purchaser should take the premises subject to this plaintiff's mortgage, which should be considered as so much of the purchase-money bid at the sale, and should remain a lien on the lands as theretofore. The sheriff never made any report to the court of the proceedings under said judgment or of the sale, and did nothing further than stated except to execute and deliver to the purchaser a deed of the premises, dated on the day of sale, and duly recorded June 8, 1863. On the 2d of November, 1863, said George conveyed the premises in question in fee to the defendant William McClughan, by a full covenant warranty deed, in which the consideration was stated to be $4,700, and the premises were stated to be "free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature or kind soever." At the time of such conveyance to McClughan, the mortgage of the plaintiff was on the records uncanceled, and it was shown that George paid the interest on the mortgage at various times up to 1871.

The court found in favor of plaintiff, and directed a judgment of foreclosure and sale, from which decision and the judgment entered thereupon, defendants, William McClughan and Mary his wife, appealed.

*James W. Taylor*, for appellants.

*John Miller*, for respondent.

BARNARD, P. J. This judgment should be reversed. A mortgage prior to the plaintiff's mortgage had been previously foreclosed, and the plaintiff was a defendant in that action. Upon the sale, the premises were sold by the sheriff who conducted the sale, to Thomas George. Thomas George did not pay the money, but continued to pay interest on plaintiffs' mortgage, as if the same was a lien on the property. George sold to the defendant McClughan, by full covenant warranty deed, free of incumbrance. This passed the entire title to McClughan, if given for a good consideration, and without notice.

In the absence of proof, the deed will be held presumptive evidence of the payment of the consideration named in such deed. *Jackson* v. *McChesney,* 7 Cow. 360.

Judgment is reversed, and a new trial granted, costs to abide event.

*Judgment reversed and new trial granted.*