FRANK P. WARD, Appellant, *v.* CHARLES ISBILL et al., Respondents.

*Precedence of a deed over a mortgage given before and recorded after it — presumption of good faith — subsequent grantee with notice — recital that premises are conveyed subject to mortgages.*

Both a deed and a mortgage are conveyances within the Recording Act, and for a deed to secure precedence and priority over a prior mortgage, subsequently recorded, it must appear that the deed was for a valuable consideration, taken in good faith and without notice of the existence of the mortgage.

A deed which expresses a valuable consideration and acknowledges the payment thereof by the grantee therein named is *prima facie* evidence that the grantee was a purchaser in good faith within the Recording Act; no proof of actual payment is necessary and the presumption of good faith is sufficient for the security and protection of such grantee, and those claiming through him, until it is overcome by proof.

Where a purchaser of property is protected by the Recording Act against a mortgage given before and recorded subsequently to his deed, his grantees are entitled to such protection notwithstanding the fact that they purchased from him with notice of the mortgage.

A recital in a deed that the premises conveyed thereby were subject to mortgages and taxes is not sufficient to give notice to the grantee therein named of the existence of an unrecorded mortgage, where other mortgages against the property were found by him.

APPEAL by the plaintiff, Frank P. Ward, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 27th day of June, 1893, upon a decision of the court, rendered after a trial at the Kings County Special Term, adjudging the defendants' interest in certain

premises to be superior to the plaintiff's mortgage thereon, and dismissing the plaintiff's complaint upon the merits, and for costs.

*Archibald C. Shenstone*, for the appellant.

*Albert G. McDonald*, for Charles Isbill and others, respondents.

*Edward J. McCrossin* and *A. P. Bates*, for respondent McCrossin.

DYKMAN, J.:

This is an appeal by the plaintiff from a judgment rendered against him in an action for the foreclosure of a mortgage upon real property.

The material facts are these: On the 29th day of January, 1875, James Carson Brevoort made his promissory note, in writing, for $5,520.87, payable thirty days after demand to Wingfield G. Burton. Such demand of payment was made on the same day, and the note became due on the 3d day of March, 1875.

On the 17th day of May, 1877, the maker of the note, Brevoort, made and executed to the payee, Burton, a mortgage upon real property as collateral security for the payment of the note, and the mortgage recites the fact that it was so given.

The mortgage was recorded in the office of the register of Kings county on the 6th day of May, 1878, nearly one year after its execution and delivery.

This action was commenced for the foreclosure of that mortgage.

James Carson Brevoort sold and conveyed the premises described in the mortgage to Henry W. Brevoort by deed of conveyance bearing the date of April 24, 1878, and recorded in the office of the register of Kings county on the 25th day of April, 1878, eleven days before the recording of the mortgage in suit.

The deed conveyed other property and stated that it was subject to mortgages and taxes, but no reference was made to this mortgage.

The consideration for the conveyance was $18,000, which was expressed therein.

On the 10th day of December, 1888, Henry W. Brevoort sold and conveyed the premises in question to the defendant Joanna E. McCrossin, by deed of conveyance bearing date on that day, and recorded in the office of the register of Kings county on the 13th

day of December, 1888. The consideration named in the deed was $350, but the grantee paid over $1,900 for taxes. That deed made no reference to this mortgage, and the other defendants derive their title and their liens from the grantee therein.

There was no evidence to show that Henry W. Brevoort had knowledge or notice of the mortgage, and none to show that he had not. The mortgage was assigned to the plaintiff.

The question for determination is whether Henry W. Brevoort took the title to the premises free from the lien of the unrecorded mortgage, or, in other words, whether the mortgage was void as against him.

The statutory provision (1 R. S. 756, § 1) is that "every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded."

Both the deed and the mortgage are conveyances within the Recording Act, and to secure precedence and priority over the mortgage it must appear that the deed was for a valuable consideration, taken in good faith and recorded first. Two of these facts are beyond dispute. The deed was for a valuable consideration and it was first recorded.

It is upon the question of good faith that the parties differ; as we have said, there was no proof that Henry W. Brevoort had or had not notice of the mortgage.

The theory of the plaintiff is that the burden of proving want of notice rested upon the defendants, while they insist that the presumption of law is in their favor and sufficient for their protection until overcome by testimony.

So the final determination of this appeal depends upon the location of the burden of proof.

The deed to Henry W. Brevoort expressed a valuable consideration and acknowledged the payment of the same by him, and that was *prima facie* evidence that he was a purchaser in good faith within the Recording Act. (*Wood* v. *Chapin*, 13 N. Y. 509; *Lacustrine Fer. Co.* v. *L. G. & Fer. Co.*, 82 id. 477.)

Where a consideration is so expressed no proof of actual payment is requisite. (*Jackson* v. *Alexander*, 3 Johns. 484; *Wood* v. *Chapin, supra.*)

The presumption of good faith arising from the payment of a valuable consideration by the grantor of defendant is sufficient for their security and protection until it is overcome by proof.

They could, therefore, rely upon such presumption without the production of proof. The burden, therefore, rested upon the plaintiff to rebut the presumption, and as he made no effort in that direction the demands of the Recording Act are all satisfied and the deed takes precedence and priority over the mortgage.

The fact that the defendants are chargeable with constructive notice of the plaintiff's mortgage is immaterial and does not aid the plaintiff, because, as we have concluded, their grantor was protected by the Recording Act against the unrecorded mortgage of the plaintiff. That being so the defendants, as purchasers from him, are entitled to such protection notwithstanding their purchase with notice. ( *Wood* v. *Chapin, supra; Griffith* v. *Griffith,* 9 Paige, 315.)

The recitation in the deed, that the premises were subject to mortgages and taxes, was sufficient to give notice to the purchaser of the mortgages which were subsequently found and they were sufficient to answer the reference in the conveyance. The clause cannot have the effect of notice of the mortgage in suit, and does not, therefore, destroy the presumption of good faith to which we have alluded.

The judgment should, therefore, be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.