(7 Misc. Rep. 250.)

## ABRAHAM v. MAYER.

### (City Court of New York, General Term. February 8, 1894.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE.
    The title of a bona fide purchaser for value, or of those claiming under him, is not rendered unmarketable by a prior deed from his grantor to a third person, of which he did not have notice, and which was not recorded until after the record of his deed.
2. DEED—RECORDING.
    Recording a deed in the book of mortgages instead of the book of conveyances is not constructive notice on any one of its existence, where it contains no clause of defeasance, and no instrument of defeasance was filed or recorded at the time or afterwards.

Appeal from special term.

Action by Elias Abraham against John M. Mayer. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

Ashbel P. Fitch, for appellant.

Davis & Kaufman, for respondent.

VAN WYCK, J. The plaintiff sues to recover part of the purchase money paid by him to defendant upon the execution of a contract by which defendant agreed to sell to him a certain parcel of real estate in this city, on the ground that defendant was and is unable to convey the land as agreed, in that the premises are incumbered, in addition to the incumbrances mentioned in the contract, by a deed of conveyance of the premises in question from one Emrich to one Claffey, dated and acknowledged August 17, 1880,

and recorded in the office of the register in New York city on March 22, 1881, in Liber 1548 of Mortgages, page 310. The only question tried and to be reviewed is whether or not this deed and its record as above described, and under the facts as shown by the proof, render plaintiff's title to the property unmarketable. It appears that Emrich bought this property from one Parfitt in March, 1880, and gave him back a purchase-money mortgage for $14,000, both of which were duly and immediately recorded; that Emrich conveyed the property, subject to this mortgage, to Guggenheimer and Marks by deed dated and duly recorded in October, 1880, for expressed consideration of $16,250; that Guggenheimer and Marks conveyed the same, subject to this mortgage, to one Algie, in consideration of $21,000, as expressed, and receipt of same acknowledged in the deed to him, dated and duly recorded in December, 1880. When this deed to Algie was so recorded the chain of the record title to Algie's immediate grantors was unbroken, and so Algie's title was perfect, and not open to assault from Claffey, whose deed from Emrich was not recorded (if properly at all) until March, 1881, provided that Algie was a bona fide purchaser for value paid, and without notice of any unrecorded deed to Claffey. From the recital and acknowledgment of receipt of the consideration of $21,000 in the deed as paid by Algie to his grantors the legal presumption is that he duly so paid the same, and hence was a purchaser for value paid. The record does not show that the slightest evidence was given to overcome this presumption, or that Algie had any notice whatever of Claffey's unrecorded deed, although Claffey himself was a witness on the trial of this action; and he did not, by evidence or suggestion, even hint that Algie had had any notice of his deed or conveyance, or that he had not paid the full consideration of $21,000 expressed in his deed from Guggenheimer and Marks. And, moreover, Algie, who was also a witness on this trial, testifies that he had never heard of Claffey or his deed of conveyance; that he took immediate possession of the property, upon which the foundations had been built up to the basement, and thereafter he erected buildings thereon, and continued in possession thereof until his interest was wiped out by the foreclosure of the Parfitt mortgage for $14,000. The proof was complete and overwhelming that Algie was a bona fide purchaser of the property for value paid, and without any notice whatever of Claffey's deed of conveyance. This being so, he had the legal, equitable, and record title to this property against all the world, and could convey such title to any one, even to persons who purchased with notice of Claffey's deed of conveyance, excepting to the original parties to the transaction. The court of appeals says, in Clark v. McNeal, 114 N. Y. 287, 21 N. E. 405:

"If the title to land, having passed through successive grantees, and subject, in the hands of each, to prior outstanding equities, whether they are liens or incumbrances, or trusts or any other claims, comes to a purchaser for value and without notice, it is at once freed from the equities; and he not only takes a good title, but can transfer a good title, even to one who purchases with notice of the facts, as otherwise the bona fide purchaser could not get the market value of his property. He obtains a valid title, and, with a single

exception, the full power of disposition. This exception is that such title cannot be conveyed free from the prior equities back to a former owner who was charged with notice."

Such was the condition of Algie's title, and his rights thereunder as a bona fide purchaser for value and without notice, in May, 1881, when Parfitt filed the lis pendens in his action to foreclose his original purchase-money mortgage for $14,000, and to which action Claffey was not made a party. The property was sold by the referee in this foreclosure action, and by him conveyed for $62,000 to one Bedgood, and by him conveyed for $75,000 to one Man, and by him conveyed to the defendant in this action for full value. The plaintiff's contention is that Claffey should have been made a party to this foreclosure suit, because at the time the lis pendens was filed —May, 1881—he had on record in the register's office an absolute deed of conveyance from Emrich, dated August, 1880, and so recorded in the book of mortgages in March, 1881, while the conveyance from Emrich to Guggenheimer and Marks was dated and duly recorded in October, 1880, and the deed from was to Algie was dated and duly recorded in December, 1880. However, it was not necessary to make Claffey a party to the foreclosure suit,—First, because at that time, as shown by the proof, Algie was the sole, absolute owner in fee of the property by bona fide purchase for value paid, and without notice of the existence of the Claffey deed, which was not on record, when he took such title to the same; hence at that time only two persons had any right or title, either legal or equitable, to this property,—the one being Parfitt, the mortgagee, who was the plaintiff; and the other Algie, the fee owner, who then had and could convey a good and clear title to the property, and he was duly made a defendant. The referee to sell in this foreclosure suit could and did convey to Bedgood all the right and title of both Parfitt and Algie in this property, which was the entire estate, the fee absolute; and Bedgood conveyed the same to Man, who in turn conveyed to this defendant. Allowing that such recording of the Claffey deed in the book of mortgages is of the same force as if it was duly recorded in the book of conveyances, it would not be constructive notice of its existence, because, prior to such record, his grantor had conveyed away the same property to Algie, by deed which was first duly recorded. The intending purchasers of land are only required to search in the register's office against such grantor during the time that the record title remains in him, and such search made against Emrich, who was Claffey's immediate grantor, and the grantor to Algie's immediate grantors, would not disclose the existence of the deed from Emrich to Claffey, and no further or other search was required of Parfitt, the original purchase-money mortgagee from Emrich.

It seems that the recording of Claffey's deed of conveyance absolute in the book of mortgages, and not in the book of conveyances, was not constructive notice to any one of its existence, as it contains no clause of defeasance, and no instrument of defeasance was then or thereafter filed or recorded. See Gillig v. Maass, 28 N. Y. 215, in which the judge writing says:

"Our state provides for two sets of books,—one for conveyances absolute in their terms, and not intended as mortgages or as securities in the nature of mortgages; and the other for such mortgages or securities. To record a mortgage, or a conveyance intended as a mortgage, or a security in the nature of a mortgage, in the book of conveyances, absolute in their terms, would not be a lawful record so as to be constructive notice to a subsequent assignee or purchaser in good faith."

The judgment is reversed, and new trial granted, with costs to appellant to abide the event. All concur.