WEIDEMAN v. PECH et al.

(Supreme Court, Appellate Division, Fourth Department.  March 1, 1905.)

1. MORTGAGES—ASSIGNMENT—RECORDING.

Under Real Property Law (Laws 1896, p. 607, c. 547) § 240, defining a conveyance so as to include every written instrument by which any estate or interest in real property is created, transferred, mortgaged, or assigned, a written assignment of a mortgage is a conveyance which may be recorded under section 241 of the law, authorizing properly acknowledged conveyances of real property to be recorded.

2. SAME—BONA FIDE PURCHASERS—RECITAL OF CONSIDERATION.

A written assignment of a mortgage reciting the payment of a valuable consideration by the assignee establishes the character of the assignee as a bona fide purchaser, in the absence of contradictory evidence.

**8. SAME—AGREEMENTS FOR EXTENSION—NECESSITY OF RECORDING.**

An agreement extending the time of payment of a mortgage and reducing the rate of interest is such an instrument as should be recorded under the Real Property Law (Laws 1896, p. 607, c. 547) § 240, defining conveyances, and section 241, declaring unrecorded conveyances void against a subsequent purchaser whose conveyance is first duly recorded; and consequently such an agreement, if not recorded, is not binding upon a subsequent assignee of the mortgage who has no notice thereof, and who records his assignment.

Spring, J., dissenting.

Appeal from Erie County Court.

Action by Carl J. Weideman against Magdalena Pech, impleaded with others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The action was brought for the foreclosure of a mortgage, which, by its original terms, was due at the time of the commencement of the action. Plaintiff, however, was defeated upon the ground that his assignor of said mortgage had before assignment given to the grantor of defendant Magdalena Pech, as owner of the premises, an agreement extending the time of payment of said mortgage beyond the date when the action was commenced.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Charles Newton, for appellant.
Peter B. Smokowski, for respondent.

HISCOCK, J. The mortgage in suit was executed on or about June 1, 1894, and made payable five years after date, with interest at the rate of 6 per cent. per annum. Subsequent to execution the bond and mortgage were assigned to one Wippert and the premises covered by the mortgage were conveyed to the defendant Magdalena Pech. On or about March 31, 1903, said Wippert executed an agreement with defendant's grantor extending the time of payment of the sum of $2,400 secured to be paid by the mortgage for the period of four years from March 31, 1903, and reducing the rate of interest to 5 per cent. per annum. Subsequent to said agreement said bond and mortgage were duly assigned to the plaintiff, who placed his assignment upon record. The above agreement of extension and reduction of the terms of the mortgage was not placed upon record until after said assignment. The mortgage was not due under its extended terms when the action was commenced, and the learned county judge held that plaintiff was bound by the extension, and could not recover.

We think this was error, and that an assignee of a mortgage for a valuable consideration, with his assignment upon record, is not bound by the terms of an instrument made before the assignment changing to his disadvantage the terms of payment of the mortgage, and not put upon record or brought to his actual notice. The solution of the question presented to us upon one theory is entirely dependent upon a construction of the recording acts now incorporated in the Real Property Law (chapter 46 of the General Laws, Laws 1896, p. 559, c. 547). Section 241 of that act (Laws 1896, p. 607, c. 547) provides that a convey-

ance of real property, upon being properly acknowledged, "may be recorded in the office of the clerk of the county where such property is situated. Every such conveyance not so recorded is void against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded." Section 240 defines the term "real property" as including "lands, tenements and hereditaments and chattels real," and the term "purchaser" as including "every person to whom an estate or interest in real property is conveyed for a valuable consideration, and every assignee of a mortgage, lease or other conditional estate." The term "conveyance" includes every written instrument "by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected." It was settled that the terms of the earlier recording act, with less comprehensive language than that now employed, included and protected the assignee of a mortgage, and that an assignment of a mortgage in writing was a conveyance within the meaning of the act, for the reason that it was an instrument by which the mortgagee's interest or title was transferred. Decker v. Boice, 83 N. Y. 215; Westbrook v. Gleason, 79 N. Y. 23. The essential requirement that plaintiff should have placed himself in a position to invoke the benefits of these provisions by procuring his own assignment to be recorded has concededly been complied with. There was no direct verbal evidence given upon the trial to establish his character as a purchaser in good faith and for a valuable consideration, and the county judge has made no finding upon that point. No contention, however, was made upon the trial or is urged upon this appeal that plaintiff did not occupy such position. Furthermore, it appears by the assignment to plaintiff in evidence that it was "for a good and valuable consideration to her [the assignor] paid by the said party of the second part," and this acknowledgment of receipt, in the absence of contradictory evidence, or of any pretense that plaintiff knew of the extension, establishes his character as a bona fide purchaser for value and without notice. Wood v. Chapin, 13 N. Y. 509, 523, 67 Am. Dec. 62; Jackson et al. v. McChesney, 7 Cow. 360, 17 Am. Dec. 521; Ward v. Isbill, 73 Hun, 550, 26 N. Y. Supp. 141.

We therefore come to the substantial question whether the agreement was one which might and should have been placed upon record. We start with the plain proposition that the original mortgage was a proper subject for recording. The instrument in question modified the terms of the original mortgage in important respects. It became important and effective because of its relation to and amendment of the latter. From the time of its execution, it, together with the original mortgage, constituted an entire and complete conveyance and instrument, which affected the premises and determined the rights of the parties. Under these circumstances we think that a reasonable construction of the statutes permitted and required that the instrument amending and supplementing and becoming a part of the original mortgage should be recorded, as much as the latter instrument itself. The recording acts were designed to protect persons dealing with certain conveyances and instruments, and to prevent deceit and fraud. It is the duty of the

courts within reason to place such a construction upon those statutes as will accomplish the purpose for which they were designed. There is nothing unreasonable or burdensome in holding that they include the recording of such an instrument as we have before us. Upon the other hand, if they do not protect against an unrecorded instrument of this character, the way is made easy for concealment, deception, and injustice. If an instrument extending the time of payment of a mortgage for four years upon a reduction of 1 per cent. per annum in interest is effective without recording as against a bona fide assignee, a similar instrument extending a mortgage for 50 years and reducing the rate of interest to a nominal one would be effective; and, so far as assignees were concerned, the recording of the original mortgage would be no protection as indicating its actual terms. Unless such an instrument may be recorded, and constructive notice thereby so given to a subsequent assignee of the mortgage, we do not think that an agreement made subsequent to the execution of the mortgage changing its terms and impairing its value is effective as against a subsequent assignee for value and without actual notice.

The counsel for the respondent cites a large number of cases laying down the familiar principle that the assignee of a mortgage takes it subject to all equities between the original parties. It is also suggested that the assignee of this mortgage beyond question took it subject to all payments which might have been made thereon, and that they might have affected the value of the mortgage as seriously as the agreement in question. So far as the latter suggestion is concerned, it may be answered that a mortgage contemplates payments, for they are in accordance, rather than at variance, with its terms and purposes. When the plaintiff took his assignment of the bond and mortgage in question, they were, by their terms, entirely past due, and he had full notice of what he might expect.

So far as the doctrine of equitable defenses is concerned, it does not cover such a case as this. The doctrine is broad and well settled, enforcing as against an assignee various equities and defenses which may be present at the inception of the instrument. After the same, however, has had a valid and legal inception, somewhat different rules apply, broadly enough, in our opinion, to prevent the inequitable enforcement against an assignee of a secret and hidden agreement such as was produced in this case. Bank for Savings v. Frank, 56 How. Prac. 403; St. Andrews Church v. Tompkins, 7 Johns. Ch. 14; St. John v. Spalding, 1 N. Y. Super. Ct. 483; Jones on Mortgages, vol. 1 (6th Ed.) §§ 530, 534.

Judgment reversed, and new trial granted, with costs to appellant to abide event upon questions of law and fact. All concur, except SPRING, J., who dissents in memorandum.

SPRING, J. (dissenting). The proposition is fundamental that one who purchases a mortgage takes his title subject to any equities which may exist against his assignor in favor of the mortgagor. The recording act is an invasion of this general rule. One who invokes this act, therefore, for the purpose of limiting the scope of the rule, must be certain to bring himself within the provisions of the statute. A "convey-

ance" must be recorded to afford protection against a subsequent purchaser in good faith and for a valuable consideration. The term "conveyance" is defined in the statute as follows:

"The term conveyance includes every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned or by which the title of any real property may be affected."

No estate in real property is "created, transferred, mortgaged, or assigned" by an agreement to defer the time of payment of a mortgage; nor does it affect the title of real property. The effect is only to postpone payment. The courts have held an assignment of a mortgage within the operation of the act, because it is specifically included in the definition of a conveyance. It is an adequate answer to the suggestion that injustice may follow the decision that the agreement under consideration is effective against the plaintiff to bear in mind that, notwithstanding the numberless similar transactions which doubtless have occurred, the diligence of counsel or of the members of this court has been unable to find any authority that an agreement of this kind is within the recording act. If the mortgage, though not due, had been largely reduced by payments an inspection of the record would not disclose the fact, and yet the payments would be effective. If one is in possession of real property under a lease not recorded or by virtue of an unrecorded contract of purchase, his interest is not eliminated by a sale of the premises. The purchaser of a mortgage must ascertain the situation between the parties to the instrument, and if he fail in that he buys at his peril.

I think the judgment should be affirmed.