CARL J. WEIDEMAN, Appellant, *v.* FRANCISZKA ZIELINSKA, and Others, Defendants, Impleaded with MAGDALENA PECH, Respondent.

*An instrument extending the time of payment of a mortgage and reducing the interest payable thereunder is covered by the Recording Act — recital of a consideration in the assignment of a mortgage.*

A written assignment of a mortgage and a written instrument extending the time for the payment of the mortgage and reducing the rate of interest payable thereon are both conveyances of real property within the meaning of the Real Property Law (Laws of 1896, chap. 547, § 240), which defines the term "conveyance" as including "every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected."

An assignee of a past due mortgage for a valuable consideration is not bound by a written instrument executed by his assignor to the owner of the mortgaged premises prior to the execution of the assignment, which instrument extended the time for the payment of the mortgage and reduced the rate of the interest payable thereon, where such instrument was not brought to the assignee's knowledge or recorded until after the recording of the assignment.

Subject to what equities between the original parties an assignment of a mortgage is taken, considered.

A recital in the assignment of the mortgage that it was made "for a good and valuable consideration to her (the assignor) in hand paid by the party of the second part" (the assignee) is sufficient, in the absence of evidence to the contrary, to establish that the assignee was a *bona fide* purchaser of the mortgage for value and without notice.

SPRING, J., dissented.

APPEAL by the plaintiff, Carl J. Weideman, from a judgment of the County Court of Erie county in favor of the defendants, entered in the office of the clerk of the county of Erie on the 10th day of August, 1904, upon the decision of the court, dismissing the plaintiff's complaint.

The action was brought for the foreclosure of a mortgage which by its original terms was due at the time of the commencement of the action. Plaintiff, however, was defeated upon the ground that his assignor of said mortgage had before assignment given to the grantor of defendant Magdalena Pech as owner of the premises an agreement extending the time of payment of said mortgage beyond the date when the action was commenced.

*Charles Newton,* for the appellant.

*Peter B. Smokowski,* for the respondent.

HISCOCK, J.:

The mortgage in suit was executed on or about June 1, 1894, and made payable five years after date with interest at the rate of six per cent per annum. Subsequent to execution the bond and mortgage were assigned to one Wippert and the premises covered by the mortgage were conveyed to the defendant Magdalena Pech. On or about March 31, 1903, said Wippert executed an agreement with defendant's grantor extending the time of payment of the sum of $2,400 secured to be paid by the mortgage for the period of four years from March 31, 1903, and reducing the rate of interest to five per cent per annum. Subsequent to said agreement said bond and mortgage were duly assigned to the plaintiff who placed his assignment upon record. The above agreement of extension and reduction of the terms of the mortgage was not placed upon record until after said assignment. The mortgage was not due under its extended terms when the action was commenced and the learned county judge held that plaintiff was bound by the extension and could not recover.

We think this was error and that an assignee of a mortgage for a valuable consideration with his assignment upon record is not bound by the terms of an instrument made before the assignment changing to his disadvantage the terms of payment of the mortgage and not put upon record or brought to his actual notice.

The solution of the question presented to us upon one theory is entirely dependent upon a construction of the Recording Acts now incorporated in the Real Property Law (General Laws, chap. 46; Laws of 1896, chap. 547, § 241).

Section 241 of the latter act provides that a conveyance of real property upon being properly acknowledged or proved " may be recorded in the office of the clerk of the county where such real property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."

Section 240 defines the term " real property " as including " lands, tenements and hereditaments and chattels real," and the term " purchaser " as including " every person to whom any estate or interest in real property is conveyed for a valuable consideration, and every assignee of a mortgage, lease or other conditional estate," and the term " conveyance " as including " every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected."

It was settled that the terms of the earlier Recording Act, with less comprehensive language than that now employed, included and protected the assignee of a mortgage, and that an assignment of a mortgage in writing was a conveyance within the meaning of the act, for the reason that it was an instrument by which the mortgagee's interest or title was transferred. (*Decker* v. *Boice,* 83 N. Y. 215 ; *Westbrook* v. *Gleason,* 79 id. 23.)

The essential requirement that plaintiff should have placed himself in a position to invoke the benefits of these provisions by procuring his own assignment to be recorded has concededly been complied with. There was no direct verbal evidence given upon the trial to establish his character as a purchaser in good faith and for a valuable consideration, and the county judge has made no finding upon that point. No contention, however, was made upon the trial or is urged upon this appeal that plaintiff did not occupy such position. Furthermore, it appears by the assignment to plaintiff in evidence that it was " for a good and valuable consideration to her (the assignor) in hand paid by the said party of the second part," and this acknowledgment of receipt in the absence of contradictory evidence or of any pretense that plaintiff knew of the extension establishes his character as a *bona fide* purchaser for value and without notice. ( *Wood* v. *Chapin,* 13 N. Y. 509, 523 ; *Jackson* v. *M'Chesney,* 7 Cow. 360 ; *Ward* v. *Isbill,* 73 Hun, 550.)

We, therefore, come to the substantial question, whether the agreement was one which might and should have been placed upon record.

We start with the plain proposition that the original mortgage was a proper subject for recording. The instrument in question modified the terms of the original mortgage in important respects.

It became important and effective because of its relation to and amendment of the latter. From the time of its execution it, together with the original mortgage, constituted an entire and complete conveyance and instrument which affected the premises and determined the rights of the parties. Under these circumstances we think that a reasonable construction of the statutes permitted and required that the instrument amending and supplementing and becoming a part of the original mortgage should be recorded as much as the latter instrument itself.

The Recording Acts were designed to protect persons dealing with certain conveyances and instruments and to prevent deceit and fraud. It is the duty of the courts within reason to place such a construction upon those statutes as will accomplish the purpose for which they were designed. There is nothing unreasonable or burdensome in holding that they include the recording of such an instrument as we have before us. Upon the other hand, if they do not protect against an unrecorded instrument of this character, the way is made easy for concealment, deception and injustice. If an instrument extending the time of payment of a mortgage for four years upon a reduction of one per cent per annum in interest is effective without recording as against a *bona fide* assignee, a similar instrument extending a mortgage for fifty years and reducing the rate of interest to a nominal one would be effective, and so far as assignees were concerned the recording of the original mortgage would be no protection as indicating its actual terms.

Unless such an instrument may be recorded and constructive notice thereby so given to a subsequent assignee of the mortgage, we do not think that an agreement made subsequent to the execution of the mortgage changing its terms and impairing its value is effective as against a subsequent assignee for value and without actual notice.

The counsel for the respondent cites a large number of cases laying down the familiar principle that the assignee of a mortgage takes it subject to all equities between the original parties. It is also suggested that the assignee of this mortgage beyond question took it subject to all payments which might have been made thereon and that they might have affected the value of the mortgage as seriously as the agreement in question.

So far as the latter suggestion is concerned it may be answered that a mortgage contemplates payments, for they are in accordance rather than at variance with the terms and purposes. When the plaintiff took his assignment of the bond and mortgage in question they were by their terms entirely past due and he had full notice of what he might expect.

So far as the doctrine of equitable defenses is concerned, it does not cover such a case as this. The doctrine is broad and well settled enforcing as against an assignee various equities and defenses which may be present at the inception of the instrument. After the same, however, has had a valid and legal inception somewhat different rules apply broadly enough in our opinion to prevent the inequitable enforcement against an assignee of a secret and hidden agreement such as was produced in this case. (*Bank for Savings* v. *Frank,* 56 How. Pr. 403; *St. Andrew's Church* v. *Tompkins,* 7 Johns. Ch. 13; *St. John* v. *Spalding,* 1 T. & C. 483; 1 Jones Mort. [6th ed.] §§ 530, 534.)

The judgment should be reversed and new trial granted, with costs to appellant to abide event, upon questions of law and fact.

All concurred, except SPRING, J., who dissented in a memorandum.

SPRING, J. (dissenting):

The proposition is fundamental that one who purchases a mortgage takes his title subject to any equities which may exist against his assignor in favor of the mortgagor. The Recording Act* is an invasion of this general rule. One who invokes this act, therefore, for the purpose of limiting the scope of the rule must be certain to bring himself within the provisions of the statute.

A "conveyance" must be recorded to afford protection against a subsequent purchaser in good faith and for a valuable consideration. The term "conveyance" is defined in the statute † as follows: "The term 'conveyance' includes every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned or by which the title to any real property may be affected."

No estate in real property is "created, transferred, mortgaged or

---

*1 R. S. 756, § 1, revised by Real Prop. Law (Laws of 1896, chap. 547), § 241. — [REP.

† Section 240 of the Real Property Law.— [REP.

assigned" by an agreement to defer the time of payment of a mortgage nor does it *affect the title* of real property. The effect is only to postpone payment. The courts have held an assignment of a mortgage within the operation of the act because it is specifically included in the definition of a conveyance. It is an adequate answer to the suggestion that injustice may follow the decision that the agreement under consideration is effective against the plaintiff to bear in mind that notwithstanding the numberless similar transactions which doubtless have occurred the diligence of counsel or of the members of this court has been unable to find any authority that an agreement of this kind is within the Recording Act. If the mortgage though not due had been largely reduced by payments an inspection of the record would not disclose the fact and yet the payments would be effective. If one is in possession of real property under a lease not recorded or by virtue of an unrecorded contract of purchase his interest is not eliminated by a sale of the premises. The purchaser of a mortgage must ascertain the situation between the parties to the instrument and if he fail in that he buys at his peril.

I think the judgment should be affirmed.

Judgment reversed and new trial ordered, with costs to the appellant to abide event, upon questions of law and of fact.