ROSE et al. v. ADLER.

(Supreme Court, Special Term, Kings County. May, 1914.)

1. VENDOR AND PURCHASER (§ 130*)—TITLE OF VENDOR—"UNMARKETABLE TITLE."

    A recorded mortgage renders a title unmarketable even though it was recorded subsequent to the recording of a conveyance executed after the execution of the mortgage, which conveyance recited a valuable consideration, and the presumption that the grantee under the subsequent conveyance was a bona fide purchaser for value was not rebutted.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245–247; Dec. Dig. § 130.*]

2. VENDOR AND PURCHASER (§§ 334, 341*)—REMEDIES BY PURCHASER—RECOVERY OF DEPOSIT—UNMARKETABLE TITLE.

    Where a title is unmarketable so that the purchasers are justified in rejecting it and specific performance cannot therefore be decreed, the purchasers are entitled to recover the amount of their deposit and the reasonable expense of searching the title.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980, 1008–1017; Dec. Dig. §§ 334, 341.*]

· Action by Aaron Rose and another against Fannie Adler for specific performance of a contract for the sale of real property, or in the alternative to recover their deposit and expense of searching title. Judgment for the plaintiff for the amount of the deposit and the expenses of searching.

    Benjamin Steinman, of New York City, for plaintiffs.

    Louis Charles Wills, of Brooklyn (Fred L. Gross, of Brooklyn, of ·counsel), for defendant.

    BENEDICT, J. [1] In my opinion, the mortgage remaining open of record constituted a cloud upon defendant's title so as to render it unmarketable. Undoubtedly if this were an action to which the holder of such mortgage or one claiming under him were a party, the court ought on the proof presented to hold the mortgage void because not recorded until after the recording of a subsequent conveyance by the mortgagor (under which defendant claims); which conveyance recites the payment of a valuable consideration, thus giving rise to the presumption that the grantee was a purchaser in good faith and for value. Ward v. Isbill, 73 Hun, 550, 26 N. Y. Supp. 141; Decker v. Boice, 83 N. Y. 215; Page v. Waring, 76 N. Y. 463; Weideman v. Zielinska, 102 App. Div. 163, 92 N. Y. Supp. 493. I am, however, of opinion that this doctrine is not applicable to an action like the present for the specific performance of a contract for the sale of real property.

    A case closely in point is Speakman v. Forepaugh, 44 Pa. 363, in which it appeared that the plaintiff-vendor's title was derived from a purchase of the premises at a sheriff's sale, as the property of one who had previously conveyed the premises to another; but this prior deed was not recorded until after the sale. The court, after discussing the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

question of the validity of plaintiff's title and holding it to be good, proceeded as follows:

"But is it a marketable title, such a one as a court of equity will pronounce not only apparently good, but free from all reasonable doubt? We have already said that a title is regarded as doubtful when its condition invites litigation. A purchaser will not be compelled to take it if thereby he becomes exposed to a lawsuit. Now, it is impossible for us, sitting in equity, to overlook the fact that there is an outstanding paper title which is older than that of the complainant, and which, if not the better, must yield to the complainant's only because he was a bona fide purchaser without notice of it. The validity of this title depends upon the question whether he had notice of the conveyance to Elizabeth C. Jones when he bought. That is a question of fact resting entirely in parol. Constructive notice, by the record of her deed, he had not, nor did any possession which she had impose upon him the duty of inquiry. Yet he may have had actual notice. It is true, there is no evidence of this on record. But the only person interested in producing such evidence is not a party to the suit, and cannot be made such. No decree of ours, in this case, will bar her or prevent her from calling witnesses in any ejectment she may bring, to show that the purchaser at the sheriff's sale was informed of her title before the lot was struck off to him. The value of the title which the complainant offers to the defendant depends, then, upon extrinsic circumstances which this court cannot investigate, and upon which it can pronounce no binding decree. It is doubtful; what courts of equity regard as unmarketable; such a title as a purchaser will not be compelled to take. To use language taken from Bumberger v. Clippinger, 5 Watts & S. (Pa.) 311, it cannot be warranted to him, and therefore specific performance of his contract will not be decreed."

Judgment for the defendant, dismissing the bill, was accordingly affirmed.

The language quoted seems to me correctly to state the law, and to be applicable to the case at bar. If Abraham v. Mayer, 7 Misc. Rep. 250, 27 N. Y. Supp. 264, is an authority to the contrary, it is not binding on this court, and should not, I think, be followed.

[2] It is true that here the action is by the vendee, and the defendant does not ask for specific performance, but for a dismissal of the complaint; but the test of marketability is whether the court would, in an action by the vendor, compel the vendee to accept the title. The title being unmarketable, plaintiffs were justified in rejecting it; and, as specific performance cannot be decreed, they are entitled to recover the amount of their deposit and the reasonable expenses of searching title.

Judgment for plaintiff for $350, with the taxable costs and disbursements of this action.