## HOVER v. MAGLEY.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

BILLS AND NOTES—SIGNING BY WIFE—SURETYSHIP.

Defendant signed the note sued on with her husband in renewal of certain other notes which she had signed and certain other indebtedness of the husband to the payee. She testified that she signed the prior notes as a matter of accommodation to her husband, on his promise that she would never have to pay them, and that when she signed the note sued on, after reading it, she objected because she supposed she was to sign a note for the same amount as one of the prior notes, when her husband asked her to sign it, and told her that she would never have to pay it. *Held*, that such facts were insufficient to relieve her from liability on the note.

Appeal from Trial Term, Columbia County.

Action by Wilson W. Hover against Lillian F. Magley. From a judgment in favor of defendant, and from an order denying plaintiff's motion to set aside the verdict, and for a new trial, he appeals. Reversed. New trial granted.

See 96 N. Y. Supp. 925.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Hawver & Hall, for appellant.
Elmer S. Luckenbach, for respondent.

COCHRANE, J. The subject of this action is a promissory note for the sum of $300, executed by the defendant and her husband as makers to the order of the plaintiff, and payable on demand, with interest. The defense is that as between the plaintiff and defendant the note was without consideration. Defendant's husband died prior to the commencement of the action. It is unquestioned that as between him and the plaintiff the note represented full value. The consideration of said note consisted of two prior notes of $50 and $100 against the defendant and her husband, another prior note of $100 against the husband alone, interest on the former notes, and an unliquidated balance of an account between the plaintiff and defendant's husband at the time the present note was executed. At that time the defendant computed the interest on the former notes, the balance of the unliquidated matters was adjusted, and in settlement of all prior transactions the note in question was executed and delivered, and the husband gave,

in addition thereto, his check for a small amount; the plaintiff at the same time surrendering to him the old notes and giving a receipt in full. All of the indebtedness represented by this note in controversy was primarily the indebtedness of the defendant's husband. It is the contention of the plaintiff, however, that the defendant became liable on all of the notes as surety for her husband. As against the plaintiff, the defendant is at liberty to show just what the agreement was at the time she signed any of these notes, and, if any valid condition was stipulated by her at that time, such condition is effective as against the plaintiff.

The specific question submitted to the jury, and which was answered adversely to the plaintiff, was whether the note set forth in the complaint was executed by the defendant on the condition that she should not be liable thereon. Defendant's version of the transaction at the time of signing the $300 note, which version the jury has found to be correct, is that after reading the note she said that was not the note she expected to sign; that she supposed she was to sign a note for $100, being the same amount as one of the prior notes; that her husband said, "Well, sign it, and you will never have to pay it"; that plaintiff said he held another note against a man and his wife and that his wife's name was on it as a matter of form, and asked defendant to sign the note in the same way. She also testified that, when she executed the prior notes, her husband asked her as a matter of accommodation to sign the notes with him, and that she would never be looked to for payment. These statements were insufficient to relieve the defendant from liability. There must have been some purpose in her signature; but she suggests no theory in explanation thereof. There is no element of fraud or imposition in the case. In Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32, the defendant signed the note expressly for the accommodation of the payee. In Garfield National Bank v. Colwell, 57 Hun, 169, 10 N. Y. Supp. 864, the purpose of the signature of the defendant was to make the note in bankable form, so that it could be discounted, and this was expressly understood by all parties. But it is not suggested in this case that the purpose of defendant's signature was for the accommodation of the payee or to give him credit in discounting or negotiating the note. As far as appears, the payee never contemplated negotiating any of these notes, although at the time of the trial more than five years had elapsed since the defendant had signed the first note. The form of the note is presumptively against such a theory; and, in fact, defendant testified, in reference to the prior notes, that her husband asked her "as a matter of accommodation to sign the notes with him." As between defendant and her husband, it was the duty of the latter to save her harmless from the payment of the notes, and when he told her that she would not have to pay them he was merely stating the legal status which existed between themselves as principal and surety. True, the plaintiff said in substance that it was a matter of form. But had the principal debtor not defaulted in payment, it would have been a matter of form. Plaintiff did not tell defendant that in no event should she be liable. Probably it is the expectation of a surety in most every instance that the principal debtor will discharge the obligation and thus relieve the surety from liability, and this loose and casual conversation at the time of the

execution of the note in question meant nothing more than that. When defendant signed the note, she had in view some purpose. That purpose, as suggested by the form of the note and as claimed by the plaintiff, was to make herself liable as surety if her husband failed to make payment, and the note must be effectuated accordingly, in the absence of any other explanation. Defendant's signature was an intelligent act of an intelligent person. To relieve her from the natural consequences thereof on the evidence here presented would make her act unintelligible and reduce it to an idle ceremony. There was no question for the jury, and the plaintiff's motion for the direction of a verdict in his favor should have been granted.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; SMITH, J., in result.