(78 Misc. Rep. 357.)

### MAURICE v. FOWLER.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. BILLS AND NOTES (§ 96*)—CONSIDERATION—PRE-EXISTING DEBTS—ACCOMMODATION MAKERS.

The holder of an accommodation note, given as security for a preexisting debt, may hold the maker, though there was no extension or forbearance.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 165; Dec. Dig. § 96.*]

2. LIMITATION OF ACTIONS (§ 148*)—NEW PROMISE—SUFFICIENCY.

Where, upon the note being presented by the original payee, the maker wrote on it the word "Renewed," together with his signature, that was a sufficient promise to take the case out of the statute, though not made to the present holder of the note.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 597-603; Dec. Dig. § 148.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jules J. Maurice against William M. Fowler. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William M. Kilcullen, of New York City, for appellant.
Frank Trenholm, of New York City, for respondent.

LEHMAN, J. The plaintiff sues upon two notes, which the defendant admits making. The answer attempts to set up a defense to the first cause of action that the defendant made the note only for the accommodation of the original payee, and as a defense to the second cause of action he sets up the statute of limitations.

[1] At the trial evidence was received upon both these issues, and the trial justice rendered judgment in favor of the defendant on both causes of action. The record is somewhat confused, but I think it sufficiently appears that the plaintiff received these notes as security for a pre-existing debt, and therefore the defense to the first cause of action was not sustained.

"A pre-existing debt, without extension or forbearance, is sufficient consideration upon which to hold the accommodation maker of a promissory note, where there has been no restriction placed on its use." Lehrenkrauss v. Bonnell, 199 N. Y. 240, 92 N. E. 637, citing Grocers' Bank v. Penfield, 69 N. Y. 502, 25 Am. Rep. 231.

[2] It further, I think, sufficiently appears that the defendant wrote on the note in suit in the second cause of action the word "Renewed," together with his signature, and that this was an unequivocal renewal of the promise, sufficient to take the case out of the statute. It is in my opinion immaterial that the note was presented to the defendant, and a new promise asked by the original payee of the note, and not the holder, to whom the note had been assigned. By indorsing the new promise upon the note itself, the defendant must be regarded as having made the new promise to the actual holder.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs. HOTCHKISS, J., concurs in result.