MARTIN L. HALL CO. v. TODD.

(Supreme Court, Appellate Term, First Department.    December 16, 1912.)

1. BILLS AND NOTES (§ 96*)—CONSIDERATION—ACCOMMODATION PAPERS.

An accommodation note, transferred to a third person, either in payment of or as collateral security for a pre-existing debt, is supported by a sufficient consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 165; Dec. Dig. § 96.*]

2. BILLS AND NOTES (§ 371*)—BONA FIDE PURCHASER—PAYMENT OF VALUE— "PURCHASER FOR VALUE."

A transferee of an accommodation note, who receives the note in payment of or as collateral security for a pre-existing debt, is a holder for value, though at the time of taking the note he has knowledge that the maker thereof is an accommodation party.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 964; Dec. Dig. § 371.*

For other definitions, see Words and Phrases, vol. 7, p. 5860.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Martin L. Hall Company against J. Jackson Todd. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Adolph M. Schwarz, of New York City (Louis F. Perl, of New York City, of counsel), for appellant.

Samuel C. Herriman, of New York City, for respondent.

LEHMAN, J. The plaintiff sues upon a note made by defendant to plaintiff's order. The answer sets forth as a defense that the note was made for the accommodation of the plaintiff, and that no value or consideration for the making of the note passed to the defendant.

[1] At the trial the defendant showed that the note was a part renewal of a note previously made to the plaintiff; that he had no personal transactions with the payee, but that he made the note at the

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

request of a man named Phœnix, who owed money to the plaintiff, and who transferred the note to the plaintiff, either in payment of or as collateral security for a pre-existing debt. Conceding that the note was made for the accommodation of Phœnix, and that no consideration passed directly to the defendant, the defendant has no defense to the note, if plaintiff parted with consideration to Phœnix sufficient to sustain the note.

[2] The plaintiff is a holder for value, if it received the note upon consideration sufficient to support a simple contract, and the accommodation maker is liable on it, notwithstanding that, at the time of taking the instrument, it knew the maker to be only an accommodation party. Sections 51 and 55 of the Negotiable Instruments Law. In the case of Grocers' Bank v. Penfield, 69 N. Y. 502, at page 504 (25 Am. Rep. 231), the Court of Appeals stated:

"It is universally conceded that the holder of an accommodation note, without restriction as to the mode of using it, may transfer it, either in payment or *as collateral security* for an antecedent debt, and the maker will have no defense. The existing debt is a sufficient consideration for the transfer, and no new consideration need be shown."

See, also, Lehrenkrauss v. Bonnell, 199 N. Y. 240, 92 N. E. 637, where the court stated:

"A pre-existing debt, without extension or forbearance, is sufficient consideration upon which to hold the accommodation maker of a promissory note, where there has been no restriction placed upon its use."

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.