the plaintiff, their employé, on the ground that they were dissatisfied with his work. The sole warrant for such a construction of the contract is contained in the second of the two recitals, which read as follows:

"Whereas, the parties of the first part are desirous of securing the services of the party of the second part as general manager for the wholesale sales department of the business of corsets, bust supporters, bust and hip reducers; and

"Whereas, the party of the second part is desirous of obtaining and filling such position to the satisfaction of the parties of the first part."

The respondents cite a number of cases which hold, in substance, that in construing an agreement all parts must be read together and each part given its due weight, and that recitals of fact in an executed contract under seal are to be regarded as estoppels against the parties who make the statement. See, for example, Gail v. Gail, 127 App. Div. 892, 112 N. Y. Supp. 96; Patterson v. Guardian Trust Co., 144 App. Div. 863, 129 N. Y. Supp. 807; Altman v. McMillin, 115 App. Div. 234, 100 N. Y. Supp. 970.

I do not find that any of these cases are relevant, nor am I cited to any case which goes to the extreme extent, contended for by respondent, of holding that a mere casual recital of an obvious state of mind of the employé converts a contract of absolute employment for a definite time into one dependent upon the satisfaction of the employer with the work of the employé.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

(81 Misc. Rep. 199.)

BRODERICK & BASCOM ROPE CO. v. McGRATH et al.

(Supreme Court, Appellate Term, First Department.   June 24, 1913.)

BILLS AND NOTES (§§ 359, 370*)—DEFENSES—WANT OF CONSIDERATION.

    Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 51, provides that value is any consideration sufficient to support a simple contract and an antecedent or pre-existing debt is sufficient. Section 52 provides that where value has been given for a negotiable instrument the holder is deemed a holder for value as to all prior parties. Section 96 provides that a holder in due course holds the instrument free from defects of title of prior parties. *Held*, that where a negotiable instrument had been negotiated to a third person before maturity in payment of a pre-existing debt the holder was a holder for value in due course and want of consideration could not be set up, section 94 not specifying want of consideration as a defense which would affect the title.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 924–936, 963; Dec. Dig. §§ 359, 370.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Broderick & Bascom Rope Company against Margaret McGrath and others. From a judgment for defendant McGrath, plaintiff appeals. Reversed and remanded.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

· Parker, Davis, Wagner & Walton, of New York City (N. Raymond Heater, of New York City, of counsel), for appellant.   ·

Julius Siegelman, of Brooklyn, for respondent.

PAGE, J. The action was to recover upon a promissory note made by the defendant and delivered to the Henry J. McCoy Company in payment for a steam hammer, and by the Henry J. McCoy Company indorsed and delivered before maturity to the plaintiff in payment of a pre-existing debt. The trial justice admitted evidence, over plaintiff's objection and exception, tending to prove that the steam hammer was not as represented and had been returned by Mary McGrath to the Henry J. McCoy Company. Judgment was given for the defendant upon the theory of a failure of consideration.

From the decision of Coddington v. Bay, 20 Johns. 637, 11 Am. Dec. 342, until the enactment of the Negotiable Instruments Law (Laws 1897, c. 612; Consolidated Laws, c. 38), it was the law of this state that, in order to constitute one a holder for value, it was necessary that he part with some present consideration. Therefore, where a holder received a note as collateral security for a pre-existing indebtedness, without discharging the debt or granting extension or forbearance on account thereof, such a holder was not a holder for value, and was subject to the equities existing between the original parties. The decisions in this state in this regard were not in harmony with the decisions in the federal and many state courts. The Negotiable Instruments Law was proposed by the Commission for the Promotion of Uniformity of Legislation in the United States. That law provides:

Section 51: "What Constitutes Consideration.—Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

Section 52: "What Constitutes Holder for Value.—Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

Courts of this state at first refused to recognize in this enactment the legislative intent to change the rule that had been recognized and enforced in this state since 1822 and held that this provision of the Negotiable Instruments Law had not abrogated the rule announced in Coddington v. Bay, supra. See Sutherland v. Mead, 80 App. Div. 103, 107, 80 N. Y. Supp. 504; Roseman v. Mahoney, 86 App. Div. 377, 378, 83 N. Y. Supp. 749; Bank of America v. Waydell, 103 App. Div. 28, 33, 92 N. Y. Supp. 666, affirmed 187 N. Y. 115, 79 N. E. 857. But the later cases, without expressly overruling these decisions, have held that the Negotiable Instruments Law has changed the rule in this state, and brought our law in harmony with that of other jurisdictions, and a pre-existing debt, without extension or forbearance, is a sufficient consideration to constitute a holder for value. King v. Bowling Green Trust Co., 145 App. Div. 398, 402, 129 N. Y. Supp. 977; Maurice v. Fowler, 78 Misc. Rep. 357, 138 N. Y. Supp. 425; Martin L. Hall Co. v. Todd, 139 N. Y. Supp. 111. The desirability of uniformity in the laws of various states with reference to negotiable instruments is so

obvious, and the legislative intent to harmonize our theretofore conflicting decisions with those of other jurisdictions is, to my mind, so clearly expressed, that full effect should be given thereto.

In the case at bar the plaintiff was a holder of the note for value, and the equities that might have existed between the maker and payee were not available to the maker as a defense against the indorsee. Negotiable Instruments Law, § 96. Failure of consideration is not one of the defenses specified in section 94 of the Negotiable Instruments Law, which throws upon the plaintiff the burden to establish his bona fide position.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.