obvious, and the legislative intent to harmonize our theretofore con-- flicting decisions with those of other jurisdictions is, to my mind, so clearly expressed, that full effect should be given thereto.

In the case at bar the plaintiff was a holder of the note for value, and the equities that might have existed between the maker and payee were not available to the maker as a defense against the indorsee. Negotiable Instruments Law, § 96. Failure of consideration is not one of the defenses specified in section 94 of the Negotiable Instruments Law, which throws upon the plaintiff the burden to establish his bona fide position.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### BRODERICK & BASCOM ROPE CO. v. McGRATH.

(Supreme Court, Appellate Term, First Department.   June 24, 1913.)

Appeal from Municipal Court, Borough of Manhattan, First District.   .

Action by the Broderick & Bascom Rope Company against Margaret Mc- Grath. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

PER CURIAM. Judgment reversed, and new trial ordered, with costs to appellant to abide the event. See Broderick & Bascom Rope Co. v. McGrath, 142 N. Y. Supp. 497, decided herewith.

---

### AJELLO v. ALBRECHT & MEISTER CO.

(Supreme Court, Appellate Term, First Department.   June 24, 1913.)

1. SALES (§ 181*)—ACCEPTANCE OF GOODS—EVIDENCE.
    In an action to recover a deposit on a contract to purchase goods, evidence *held* to show that the contract required the purchaser to accept the goods before the Christmas season, and that he could not leave them with the seller and take them out at his convenience at any time within the next 10 years.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. § 181.*]

2. SALES (§ 391*)—REMEDIES OF BUYER—RECOVERY OF DEPOSIT.
    A buyer of goods, who failed to accept or pay for them within the time fixed, cannot recover a deposit.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1110–1127; Dec. Dig. § 391.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Ajello against the Albrecht & Meister Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.