THE WILLIAM TRIMBEY COMPANY, Appellant, *v.* MARIE E. LINDBLOM and Another, as Administrators, etc., of GUSTAVE E. LINDBLOM, Deceased, Defendants, Impleaded with MARIE E. LINDBLOM, Respondent.

Fourth Department, November 26, 1924.

**Bills and notes — action to recover on renewal notes signed by individual defendant as joint maker with her husband — original notes were given for husband's debt — there was good consideration for notes.**

The fact that a husband's credit is increased by the signature of his wife as joint maker of renewal promissory notes, constitutes a good consideration running to the wife, although she personally receives no value for her act, and she cannot escape liability on the ground that the notes are without consideration, nor can she escape liability on her simple statement that she did not read the notes when she signed them and did not recall anything about the transaction.

APPEAL by the plaintiff, The William Trimbey Company, from a judgment of the Supreme Court in favor of the defendant Marie E. Lindblom, entered in the office of the clerk of the county of Oneida on the 13th day of November, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of November, 1923, denying the plaintiff's motion for a new trial made upon the minutes.

*T. E. Dougherty*, for the appellant.

*Albert M. Van Denburg* [*L. N. Southworth* of counsel], for the respondent Marie E. Lindblom.

CLARK, J.:

On September 22, 1921, defendant Marie E. Lindblom and her husband, Gustave E. Lindblom, made and delivered to plaintiff their joint and several promissory note, whereby for value received they promised to pay to this plaintiff $1,800 two months after date, at the First National Bank of Utica.

On the 18th day of October, 1921, the same parties made and delivered to this plaintiff their joint and several promissory note for $800, payable two months after date, at the First National Bank of Utica. This note, like the first one, recited that it was given " for value received."

These notes were given in renewal of prior notes of a similar amount, given by defendant Marie E. Lindblom and her husband to the plaintiff.

Defendant's husband conducted a bakery at Dolgeville, and had purchased goods of plaintiff, giving notes for the purchase price, and the notes in question were renewals of said first notes.

Before the notes in question came due the husband Gustave E. Lindblom died, and when they came due they were not paid, and this action was brought against the wife, Marie E. Lindblom, individually, and against her and her associate as administrators of her husband's estate.

The wife alone answered. She admitted making the notes in question, but denied that so far as she was concerned they were made for value, and alleged that they were given for an antecedent debt of her husband, and that there was no consideration to this defendant for signing the notes.

On the trial the defendants had a verdict of no cause of action.

Defendant Marie E. Lindblom is an intelligent woman and can read and write, and presumably knew what she was doing when she signed these notes. She testified that she signed them at the request of her husband, but that she personally owed plaintiff nothing. She knew, however, that these were renewal notes, and testified that when she signed them she knew they would increase her husband's credit. Under the circumstances when she signed the notes at her husband's request, with knowledge that signing them would increase her husband's credit, it constituted a good consideration running to this defendant, and she cannot escape liability.

The finding of the jury that the notes were without consideration

so far as the answering defendant was concerned, was contrary to and against the weight of the evidence.

When a wife signs her husband's note as a joint maker, and the note is given for his debt, there is a presumption that she intended to bind herself as a surety, and she should not be released from liability on her simple statement that she did not·read the instruments when she signed them, and did not recall anything about the transactions. (*Hover* v. *Magley*, 116 App. Div. 84; *Maurice* v. *Fowler*, 78 Misc. 357.)

The judgment and order should be reversed on the law and judgment entered for plaintiff on its motion for a directed verdict, with costs.

HUBBS, P. J., DAVIS, CROUCH and TAYLOR, JJ., concur.

Judgment and order reversed on the law and judgment directed for the plaintiff upon its motion for a directed verdict, with costs.