GLADYS M. CONDE, Appellant, and DONALD Z. WILLIAMS, Plaintiff, *v.* NEILE F. TOWNER, Individually and as Receiver for UNITED TRACTION COMPANY and CAPITOL DISTRICT TRANSPORTATION COMPANY, and FRANK W. DINGLEY, Individually and as Treasurer for UNITED TRACTION COMPANY and CAPITOL DISTRICT TRANSPORTATION COMPANY, Respondents.

Third Department, November 1, 1939.

*Ransom H. Gillett,* for the appellant.

*Newton R. Cass* [*Julian B. Erway* of counsel], for the respondents.

PER CURIAM.   The trial justice has set aside the verdict of the jury for $2,500 against respondents Towner and Dingley individually in favor of the appellant Conde, and has dismissed her complaint. She appeals from the judgment and order.

The action was brought by appellant and another to recover the sum of money mentioned which it was alleged they were induced to pay to Towner for the benefit of Dingley through false and untrue statements made by Towner who was, at all the times

mentioned, receiver of the United Traction Company and Capitol District Transportation Company. Dingley was the treasurer of the receivership, and James H. Conde, husband of appellant, was the assistant treasurer. Conde confessed to Dingley that he had stolen about $2,800 of the receivership funds and that another person, not involved in this litigation, had stolen a greater sum, that the total shortage was $10,552.31. It later developed that Conde's peculations exceeded $2,900. Dingley, the treasurer who was financially responsible for this money, within a day or two paid into the treasury from his own funds the entire amount of the deficit. Conde endeavored to obtain money to replace the amount of his peculations, but for a time was unsuccessful. Finally $2,500 was secured from the plaintiff Williams, whose wife was a niece of Conde. Appellant and her husband gave to Williams a mortgage upon their house, and received a check payable to them jointly. A conversation was had between Williams, the Condes and the respondent Towner concerning the repayment of $2,500. The complaint alleged and there was testimony to the effect that in this conversation Towner represented that the receivership accounts were still short and further that he would see that the refund was made in such a manner that it would conceal Conde's connection. It is argued that there was no shortage as Dingley had made it up from his own funds and, therefore, that Towner's statements that there was a shortage were false and untrue, and that both he and Dingley should be required to pay to the wife of the embezzler the partial repayment which had been made.

The trial justice deemed that there was a question of fact, the jury returned a verdict for the plaintiff, which later was set aside.

In order for the appellant to recover, it was necessary to prove that respondents knowingly made false representations as to material facts which deceived her and induced the payment when otherwise it would not have been made. (*Urtz* v. *New York Central & Hudson River R. R. Co.*, 202 N. Y. 170; *Ochs* v. *Woods*, 221 id. 335; *Reno* v. *Bull*, 226 id. 546.) As tersely said in *Arthur* v. *Griswold* (55 N. Y. 400, 410), " The rules of law require a reasonable degree of certainty as to each requisite necessary to constitute the cause of action, viz., representations, falsity, *scienter*, deception and injury." Dingley's advancement in no way affected the shortage and peculations of Conde. There was still a shortage in the receivership account so far as he was concerned. The earlier repayment by Dingley did not injure the appellant or change her husband's liability and guilt. She sought to prove that the $2,500 belonged to her. It was obtained from a relative of her husband, the security given

was a mortgage upon the joint property of herself and her husband, and the check was drawn to them jointly. She is not entitled to recover under any theory presented. (*Trimbey Co.* v. *Lindblom*, 211 App. Div. 168; *Hover* v. *Magley,* 116 id. 84.) Williams' complaint was dismissed on the trial and he does not appeal.

The order setting aside the verdict and dismissing the complaint and the judgment entered thereon should be affirmed, with costs.

HILL, P. J., CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Judgment and order affirmed, with costs.