### In re BLOCH et al.

(Circuit Court of Appeals, Second Circuit. December 5, 1905.)

#### No. 37.

BANKRUPTCY—PROVABLE CLAIMS—SURRENDER OF PREFERENCES OR FRAUDULENT TRANSFERS.

Bankr. Act July 1, 1898, c. 541, § 57g, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443] as amended in 1903 (Act Feb. 5, 1903, c. 487, § 12, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 688]), which provides that the claims of creditors, who have received preferences voidable under section 60b (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), or to whom conveyances or transfers void or voidable under section 67e (30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), have been made shall not be allowed unless such preferences, conveyances, or transfers shall be surrendered, requires the surrender of a preference only where the person receiving the same had reasonable cause to believe that it was intended as a preference or of a conveyance or transfer only where the person making it did so with a fraudulent intent.

Appeal from the District Court of the United States for the Southern District of New York.

Petition to review order of the United States District Court for the Southern District of New York overruling objections filed by trustee and allowing claim.

H. M. Maass, for appellant.
E. Blumenstiel, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The bankrupt firm of S. E. Bloch & Bro. became insolvent in September, 1903, and a receiver was appointed. Early in October, 1903, a petition in bankruptcy was filed against said firm and the members thereof, upon which they were adjudicated bankrupts on October 16. Rosa S. Bloch, wife of Solomon Bloch, one of the members of the partnership firm, proved a claim for $16,604.46 for money loaned the firm and interest thereon. No question is raised as to the bona fides of said claim. Shortly after the appointment of the receiver, her husband paid her the sum of $1,350 in cash for housekeeping and other expenses. The trustee objected to the allowance of said claim of $16,604.46 under sections 60a and 60b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), on the ground that the said Rosa Bloch had received said sum of $1,350 as a preference at a time when said bankrupts were insolvent, and she had reasonable cause to believe that they were insolvent, and that she had not paid over the amount of the preference thus received, and he asked that the claim for the indebtedness be disallowed under section 57g of the act (30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), unless said amount received by way of preference were first paid over to him. The referee overruled said objection, and entered an order allowing the full amount of said indebtedness as a valid claim against the estate of said bankrupts. On petition to review this order the trustee further objected in the District Court to the allowance of said claim, upon the ground that such payment was void as a transfer made with intent to hinder, delay, and defraud creditors. This petition is brought to review the order of the court affirming the decision of the referee.

Section 57g of the act, as amended in 1903 (Act Feb. 5, 1903, c. 487, § 12, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 688]), is as follows:

"The claims of creditors who have received preferences, voidable under section sixty, sub-division 'b,' or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, sub-division 'e,' have been made or given, shall not be allowed, unless creditors shall surrender such preferences, conveyances, transfers, assignments, or incumbrances."

There is no evidence to support the claim of a preference voidable under section 60b. It does not appear that the wife had reasonable cause to believe that her husband intended to give a preference. The single question is whether this payment was void or voidable under section 67e (30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) as a conveyance or transfer made by the bankrupt "with the intent and purpose * * * to hinder, delay or defraud his creditors." One thousand one hundred and twenty-five dollars of the $1,350 paid to the wife by her husband was borrowed by him from the Washington Life Insurance Company on his personal life insurance policy on August 28th. The insurance policy, at least to the extent of its surrender

value, was property, which passed to the trustee, provided the partnership assets were insufficient. On September 2d he signed a consent to the appointment of a receiver for the firm, and he then asked his counsel whether he had the right to use his individual property to pay his individual debts, and his counsel told him that he had the right so to do, as the receiver was appointed only for the partnership. Section 57g originally provided that every creditor who had received a preference must surrender it as a condition precedent to the allowance of his claim.

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, * * * made a transfer of any of his property, and the effect of the * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." Section 60a.

The test of such preference is the payment out of the bankrupt's property of a greater percentage to one creditor than is received by others of the same class. Loveland on Bankruptcy, 576; Swarts v. Fourth Nat. Bank of St. Louis, 117 Fed. 1, 54 C. C. A. 387. It is not necessary in order to constitute a preference under section 60a that there should have been any intent to prefer on the part of the bankrupt. The word preference does not import the conscious participation of the creditor and debtor in the same intent. Pirie v. Chicago Title & Trust Company, 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171; In re Fixen, 102 Fed. 295, 42 C. C. A. 354, 50 L. R. A. 605.

The primary purpose of sections 60a and 60b is to secure equality of distribution among creditors of the same class. Swarts v. Fourth Nat. Bank of St. Louis, supra. The primary purpose of section 67e is to prohibit the disposition of property by the debtor to persons other than creditors in fraud of the act. Pirie v. Chicago Title & Trust Company, supra. Section 57g, as amended, provides for the surrender of such transfers when made to a creditor in fraud of the act; that is, when made with the intent and purpose to hinder, delay, or defraud general creditors, or any of them. The modifications introduced by the amendment into section 57g limit the preferences which must be surrendered to those where the person to be benefited or his agent shall have had reasonable cause to believe that a preference was intended, 60b, and further provide for a surrender of transfers made with the intent to hinder, delay, and defraud creditors. 67e. The language of 67e is substantially identical with that of section 3a of the bankruptcy act (30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]) which provides that:

"Acts of bankruptcy by a person shall consist of his having transferred * * * any part of his property with intent to hinder, delay or defraud his creditors."

It would seem that this clause of the act applies only to transfers which are fraudulent at common law. Githens v. Shiffler (D. C.) 112 Fed. 505; Lansing Boiler & Engine Works v. Ryerson, 128 Fed. 701, 63 C. C. A. 253. We think Congress must be presumed to have intended by the introduction of section 67e to require a surrender only of such transfers as would have been fraudulent at common

law, or would constitute an act of bankruptcy under section 3 of the act. In Githens v. Shiffler, supra, the bankrupt used the proceeds of a sale of property to prefer certain creditors. The court, upon a review of the authorities, held that section 3 applied only to those transfers which, according to the established course of authority, constituted a fraudulent transfer at the time of the passage of the bankruptcy act, and held that a mere preferential transfer, as distinguished from a fraudulent one, was not an act of bankruptcy under said section 3.

The question as to whether a transfer is made with intent to hinder, delay, or defraud depends upon whether the act done is a bona fide transaction. Loveland on Bankruptcy, 391; Cadogan v. Kennet, 2 Cowper, 435; Lansing Boiler & Engine Works v. Ryerson, supra. An intent to defraud is the test of the right to avoid a transfer under section 67e. A consideration of the two provisions of 57g in connection with section 67e shows that this must have been the legislative intent. If Congress had considered that every such transfer, which operated to deprive creditors of any portion of the estate, should be void and must be surrendered as a condition precedent to the allowance of a claim, it would have been sufficient merely to provide therefor without any statement as to the intent with which the transfer was made. But such a provision would avoid every such transfer, preferential or otherwise, and, if it were included in section 57g, said section would provide, first, that all transfers received by a person with reasonable cause to believe that a preference was intended thereby, must be surrendered as a condition precedent to the proof of a claim; and, second, that all transfers received without such reasonable cause to believe that a preference was intended thereby, but which, in fact, delayed, hindered or defrauded creditors, including therein all preferences, must be surrendered, regardless of the question of fraudulent intent. The effect of this provision would be that of section 57g before the amendment. We think it is evident, therefore, from the language of 57g, as amended, that the surrender therein required was intended to be confined to cases of preference where a person receiving a preference had reasonable cause to believe that it was intended as a preference, and to transfers where the person making the transfer did so with a fraudulent intent.

In this case it appears from the testimony of the bankrupt that, acting upon the advice of his counsel, he pledged his individual property in order to pay certain creditors, but with the distinct understanding that the money thus appropriated was not included in the assets of the partnership and, therefore, was not applicable to the payment of partnership debts. There is nothing in the record before us to show that there was any fraudulent intent on the part of the bankrupt, in fact all the indications are to the contrary. The referee, having the witnesses before him, has allowed the claim and thereby has found that there was no fraudulent intent. We think this decision is in accordance with the evidence, and should be sustained.

The order is affirmed, with costs.