JULIUS LEHRENKRAUSS et al., Plaintiffs, *v.* ARTHUR H. BONNELL et al., Defendants.

BOROUGH BANK OF BROOKLYN, Appellant, and SAMUEL E. MAIRES, as Trustee in Bankruptcy of ARTHUR H. BONNELL, Respondent.

**Insolvency — validity of mortgage given to secure past due indebtedness.**

At common law a pre-existing indebtedness is sufficient consideration to uphold either a conveyance or mortgage. Such a conveyance or mortgage by an insolvent debtor amounts merely to a preference, and the

right of a debtor, in the absence of any statute to the contrary, to pre·
fer any creditor, though the effect be to leave other creditors without
means to collect their claims, is clear.

In the absence of statutory restrictions an insolvent debtor has the right
to sell and transfer the whole or any portion of his property to one or
more of his creditors in payment of *or to secure* his debts, when that is
his honest purpose, although the effect of the sale or transfer is to place
his property beyond the reach of his other creditors and render their
debts uncollectible.

A debtor, on being pressed for payment, gave a mortgage to a bank to
secure paper past due, there being no other consideration therefor, and
no agreement for extension of time or forbearance on the part of the
bank. The debtor was at the time insolvent, but the bank had no
knowledge of the fact. *Held,* that even if it were assumed that it
was the intent of the debtor to defraud his creditors, that would not
invalidate the mortgage, unless the bank participated in such intent.
There being no claim that the mortgage contravened the provisions of
the Bankruptcy Act, it is valid as against the debtor's trustee in
bankruptcy.

*Lehrenkrauss* v. *Bonnell,* 138 App. Div. 493, reversed.

(Argued June 2, 1910; decided September 27, 1910.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
May 6, 1910, which affirmed an order of Special Term con-
firming the report of a referee in surplus money proceedings.

The facts, so far as material, are stated in the opinion.

*Chauncey E. Treadwell, Edward M. Grout* and *Paul
Grout* for appellant. The findings do not support the order.
(*N. S. Bank* v. *Wheeler,* 40 App. Div. 563; *Hoyt* v. *God-
frey,* 88 N. Y. 669; *Loeschigk* v. *Bridge,* 42 Barb. 171;
42 N. Y. 421; *Phenix Bank* v. *Stafford,* 89 N. Y. 405;
*Wadsworth* v. *Havens,* 3 Wend. 411; *Phillips* v. *Wooster,*
36 N. Y. 412; *Ford* v. *Johnston,* 7 Hun, 563, 568; *Dygert*
v. *Remerschnider,* 32 N. Y. 629; *Neuberger* v. *Kein*., 134
N. Y. 35.) The fact that the mortgage was given to secure
an antecedent indebtedness makes the mortgage valid between
the parties and, added to the presumption raised by the seal,
throws the burden of proving fraud on the trustee. (*Strong*
v. *Sheffield,* 144 N. Y. 392; *Muir* v. *Greene,* 191 N. Y. 201;

16

Page on Cont. § 288; *Porter* v. *Thom,* 167 N. Y. 504; *Green* v. *Odell,* 43 App. Div. 494; *F. Nat. Bank* v. *Keller,* 127 App. Div. 435; *Birdsall* v. *Wheeler,* 62 App. Div. 625; 173 N. Y. 590; *C. L. Assn.* v. *Rampe,* 68 App. Div. 556; *Williams* v. *Bedford Bank,* 63 App. Div. 278; *M. Nat. Bank* v. *Jones,* 76 App. Div. 534; 175 N. Y. 518; *U. Nat. Bank* v. *Leary,* 77 App. Div. 332; *T. Nat. Bank* v. *Parker,* 130 N. Y. 415; 29 N. Y. S. R. 373; *Flanagan* v. *Mitchell,* 32 N. Y. S. R. 303.) The trustee must show actual fraud. (*Matter of Bloch,* 15 Am. Bank. Rep. 748; *Matter of Benjamin,* 15 Am. Bank. Rep. 351; *Sargeant* v. *Blake,* 20 Am. Bank. Rep. 115; Collier on Bankruptcy [7th ed.], 776; *Coder* v. *Arts,* 18 Am. Bank. Rep. 513; *Dodge* v. *McKechnie,* 156 N. Y. 514; *Wadleigh* v. *Wadleigh,* 111 App. Div. 367; *Riker* v. *Gwynne,* 129 App. Div. 112; *Angermiller* v. *Ewald,* 133 App. Div. 691; *Truesdale* v. *Searles,* 104 N. Y. 164; *Bedell* v. *Chase,* 34 N. Y. 386; *Allen* v. *Cowen,* 23 N. Y. 502; *Nicholsen* v. *Leavitt,* 4 Sandf. 252.)

*Frank M. Hickok* for respondent. The Appellate Division correctly applied the law to the facts found. (*People* v. *Barker,* 152 N. Y. 417; *Cronin* v. *Lord,* 161 N. Y. 90; *Wood* v. *Robinson,* 22 N. Y. 564; *Weaver* v. *Barden,* 49 N. Y. 286; *Ten Eyck* v. *Whitbeck,* 135 N. Y. 40; *Erickson* v. *Quinn,* 47 N. Y. 410; *Cole* v. *Tyler,* 65 N. Y. 73; *Smith* v. *Reid,* 134 N. Y. 568; *Starin* v. *Kelly,* 88 N. Y. 418; *Bailey* v. *Fransioli,* 101 App. Div. 140; *Billings* v. *Russell,* 101 N. Y, 226; *Wadleigh* v. *Wadleigh,* 111 App. Div. 367.)

CULLEN, Ch. J. Surplus moneys arising on the sale of real property under the foreclosure of a mortgage have been awarded against the appellant, the holder of a second mortgage, in favor of a trustee in bankruptcy appointed subsequent to the execution and delivery of the mortgage. The appellant, a bank, held paper, all of it past due, on which the owner of the equity of redemption was liable. It pressed

him for payment with the result that he gave the appellant the mortgage in controversy to secure his liability to it. The mortgage was payable on demand and, as found by the referee, there was no agreement that the appellant should extend the time for repayment of its debtor's obligation or should forbear from pressing it. There was no other consideration for the mortgage than the antecedent debt. The referee found that the appellant's debtor was at the time of giving the mortgage insolvent, but that the appellant had no knowledge of that fact. He found no fraudulent intent on the part of the appellant, but held that none was necessary to render the mortgage fraudulent. Under these circumstances the learned courts below have held the appellant's mortgage void as against the trustee in bankruptcy of the owner of the equity of redemption, not on any claim that the mortgage contravened in any respects the provisions of the Bankrupt Law, but on the ground that at common law it was fraudulent and void as against creditors. This result has been reached as the logical sequence to two propositions: *First*, that as neither new consideration nor agreement for forbearance was given, the mortgage was voluntary; and, *second*, that a voluntary conveyance by an insolvent debtor may be presumed to be fraudulent. The learned Appellate Division cites in support of the first proposition our decisions in *Cary* v. *White* (52 N. Y. 138) and *Ten Eyck* v. *Witbeck* (135 N. Y. 40), and in support of the second, *Erickson* v. *Quinn* (47 N. Y. 410), *Cole* v. *Tyler* (65 N. Y. 73) and *Smith* v. *Reid* (134 N. Y. 568). The error in this argument proceeds from a failure to appreciate that what may be an insufficient consideration to support a transaction of one character may be sufficient to support another of a different character. The cases of *Cary* v. *White* and *Ten Eyck* v. *Witbeck* arose under the Recording Act, and are authorities for this proposition only, that to override the title acquired under a prior unrecorded deed the purchaser or mortgagee must on the faith of his purchase pay some new consideration or part with some value or right. The same rule obtains in this state, or at least did obtain until the enact-

ment of the Negotiable Instruments Law concerning promissory notes fraudulently obtained or diverted. (*Stalker* v. *M'Donald*, 6 Hill, 93.) There are other cases in which the rule obtains. But a pre-existing debt, without extension or forbearance, is sufficient consideration upon which to hold the accommodation maker of a promissory note where there has been no restriction placed on its use. (*Grocers' Bank* v. *Penfield*, 69 N. Y. 502.) In the Federal courts, as well as in a majority of the states, contrary to our rule, a person taking a promissory note merely as collateral for an antecedent debt is deemed to possess all the rights of a *bona fide* holder unaffected by the equities or defenses between the prior parties to the instrument (*Railroad Company* v. *National Bank*, 102 U. S. 14), yet in those courts the law is the same as with us, a pre-existing debt does not constitute a *bona fide* holder for value as against instruments conveying real or personal property. (*People's Savings Bank* v. *Bates*, 120 U. S. 556.)

The cases of *Erickson* v. *Quinn*, *Cole* v. *Tyler* and *Smith* v. *Reid*, cited by the Appellate Division, unquestionably support the doctrine that a voluntary conveyance made without a consideration by an insolvent debtor justifies an inference of fraud as to creditors, but in each of those cases the conveyance was strictly voluntary, that is to say, a mere gift, and not in payment of or as security for an existing indebtedness. That at common law a pre-existing indebtedness is sufficient consideration to uphold either a conveyance or mortgage is unquestionable. Such a conveyance or mortgage by an insolvent debtor amounts merely to a preference, and the right of a debtor, in the absence of any statute to the contrary, to prefer any creditor, though the effect be to leave other creditors without means to collect their claims, is clear. The doctrine is so stated in the text books (Wait on Fraudulent Conveyances, § 390; Bump on Fraudulent Conveyances, § 164), and no authority can be found to the contrary. By the author last cited it is said: " The preference may be given in any mode which the law recognizes as legal for effecting a

transfer, whether by a mortgage, or a deed, or a judgment, or the transfer of a note or any other property."

In *Dodge* v. *McKechnie* (156 N. Y. 514) it is said : "This court has very recently in *Tompkins* v. *Hunter* (149 N. Y. 117) considered this precise question and restated the doctrine of the common law, which has never been departed from in this State, that in the absence of statutory restrictions an insolvent debtor has the right to sell and transfer the whole or any portion of his property to one or more of his creditors in payment of *or to secure* his debts, when that is his honest purpose, although the effect of the sale or transfer is to place his property beyond the reach of his other creditors and render their debts uncollectible." (p. 520.) In *Murphy* v. *Briggs* (89 N. Y. 446) a debtor had conveyed real property to his wife in fraud of his creditors. Thereafter he had her execute a mortgage to secure a debt owed by him. Subsequently the conveyance to the wife was set aside as fraudulent against creditors. The mortgage executed by her was upheld. This court said : " The indebtedness of Moore to the mortgagees which existed at the time constituted a valid consideration for the mortgages within' the statute, saving the rights of purchasers in good faith. When a transfer is made to a stranger, to bring himself within the provision of the statute as to a purchaser, he must show that he has an equity which is paramount to that of his vendor, and this can only be done by showing he has parted with value and is not chargeable with notice of the fraud. But where the transfer is to a creditor of the vendor a different principle prevails. It is not necessary to show a new consideration, as the transaction amounts to nothing more than the voluntary preference of one creditor over another." (p. 451.) In *London* v. *Martin* (79 Hun, 229) it is said : "A failing debtor may now practically prefer his creditors to as great an extent as his property permits, provided he does it by giving mortgages and bills of sale, or confessing judgments, instead of putting it in the general assignment, which it is said the statute alone condemns." ( p. 233.) In *Davis* v. *Schwartz* (155 U. S. 631) the United States Supreme

Court said : "The effect of every mortgage to a creditor as security for the payment of a pre-existing debt is to withdraw the value of the property covered by the security from the assets of the debtor, which would otherwise be available in satisfaction of his other debts. But unless a general bankrupt law, or a law of the particular State makes the preference illegal, it is difficult to see why mortgages given under the circumstances that these were given should be held to be invalid." (P. 640.) In that case no new consideration or extension of time was given. In *Green* v. *McCrane* (55 N. J. Eq. 436) the vice-chancellor said : "The question is narrowed down to the single inquiry, can debtors who owe two or more creditors, secure one of them by giving her a valid lien upon their property, where it is done without fraudulent design and simply to prefer the favored creditor. I do not think it has ever been denied that they can." This citation of authorities might be extended indefinitely. They will be found collated in the notes to the text books to which we have referred and also in 14 American & English Ency. of Law (2d ed. p. 230). Even were it to be assumed, which is not found (except as a conclusion of law on the theory that the mortgage was voluntary), that the intent of the appellant's debtor was to defraud his creditors, that would not invalidate the mortgage, unless the appellant participated in such intent. (*Dudley* v. *Danforth*, 61 N. Y. 626.)

It follows that the orders of the Appellate Division and Special Term should be reversed and the surplus awarded to the appellant, with costs in all courts.

GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur ; HISCOCK, J., concurs in result.

Orders reversed, etc.