EICHHOLZ v. POLACK et al.

(Supreme Court, Appellate Division, First Department. November 18, 1910.)

**1. BANKRUPTCY (§ 305\*)—SUIT TO AVOID ASSIGNMENT—CREDITS TO ASSIGNEE.**

In a suit by a trustee in bankruptcy to avoid an assignment, the assignee should be credited with amounts paid for rent of premises occupied formerly by the bankrupt, and to clerks, workmen, servants, etc., employed on the premises, the bankrupt's estate having benefited pro tanto thereby, but no credit should be given for the amount paid to the attorney, who acted solely in defendant's interest.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 305.\*]

**2. BANKRUPTCY (§ 305\*)—SUIT TO AVOID ASSIGNMENT—WHAT SHOULD BE CREDITED ASSIGNEE.**

In a suit by a trustee in bankruptcy to avoid an assignment, the assignee should not be credited with the sum repaid him by way of dividends upon his debt, as this could be obtained in the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 305.\*]

Appeal from Special Term, New York County.

Action by Adolph Eichholz, trustee in bankruptcy of John McKim against Isaac Polack and others. Judgment for plaintiff, and defendants appeal. Affirmed, with modification.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Nathan D. Stern, for appellants.

Dean Emery, for respondent.

SCOTT, J. In my opinion the facts fully warranted the conclusion that the assignment by the bankrupt McKim to the defendant Shapiro as the agent and representative of the other defendants, was voidable by the trustee in bankruptcy under the provision of subdivision A of section 60 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as well as under subdivision E of section 67 of that act. In either case the defendants are liable to refund to the bankrupt estate the proceeds of the property so assigned. This action is, however, brought in equity, and the judgment should so far as possible adjust the equities between the parties. It appears from the findings, and the fact was not substantially disputed upon the trial, that defendants paid to the landlord of the premises theretofore occupied by McKim and to workmen, clerks, and servants employed by him, the sum of $282.90, and also paid to certain creditors of McKim, exclusive of defendants themselves, the sum of $271.62. The defendants should, as we consider, be credited with the aggregate of these sums amounting to $554.52. The bankrupt estate benefited pro tanto by these payments, and it would be inequitable to compel the defendants to pay the same sums over again. We do not consider that defendants should receive credit for the $250 paid to the attorney because he clearly acted in defendants' interest, and they alone reaped an advantage from his efforts. Nor should the defendants be credited with the sum repaid to them by way of dividends upon their debt. That they can obtain in the bankruptcy court. The findings contain

all the necessary facts to enable us to modify the judgment without the necessity for a new trial.

The amount of the judgment should therefore be reduced by the sum of $554.52, with interest, and the additional allowance proportionately reduced, and as so modified the judgment should be affirmed, without costs to either party.

CLARKE and MILLER, JJ., concur.

INGRAHAM, P. J.   I do not think that in this case the judgment, so far as it sets aside the transfer of the property to the defendant, can be assailed on the ground that it was fraudulent and void as against creditors.   It was conceded that the defendant was a creditor of McKim in an amount exceeding the value of the property transferred.   The defendants were entitled to acquire that property on account of their indebtedness, and it was not fraudulent and void as against the other creditors of McKim upon the ground that by such a transfer the defendants got their debts paid to the exclusion of the other creditors.   See Lehrenkrauss v. Bonnell, 199 N. Y. 240, 92 N. E. 637.   Treating this as a preference, however, it was voidable under the bankrupt law, and the plaintiffs, as assignees in bankruptcy, were entitled to recover the property transferred or its value.

I therefore concur in the modification of the judgment, as suggested by Mr. Justice SCOTT.

LAUGHLIN, J., concurs.