### In re HERZFELD.

### REILLY v. HERZFELD et al.

(District Court, E. D. New York. May 12, 1923.)

1. **Bankruptcy ⬅180—Actual fraud necessary to invalidate mortgage as fraudulent.**

    To invalidate a mortgage under Bankr. Act, § 67e (Comp. St. § 9651), as given by a bankrupt with intent to hinder, delay, or defraud creditors, actual fraud must be shown.

2. **Bankruptcy ⬅303(3)—Evidence held insufficient to show invalidity of mortgage.**

    Bankrupt executed a mortgage within four months prior to bankruptcy, receiving the greater part of the consideration in cash, which went into his business, but also secured a prior indebtedness due to the mortgagee. There was no evidence of conspiracy or fraud, that the mortgagee had reason to believe the mortgagor insolvent, or that he was in fact insolvent. *Held*, that the mortgage was not invalid as a fraudulent conveyance, nor in part as a voidable preference.

In Equity. Suit by Thomas F. Reilly, trustee in bankruptcy of Sam Herzfeld, trading as the Brooklyn Floor Covering Company, against Sam Herzfeld and Barney Klinghoffer, also known as Benjamin Klinghoffer. Decree for defendants.

Leon Dashew, of New York City (Omri F. Hibbard, of New York City, of counsel), for plaintiff.
H. G. Robbins, of New York City, for defendant Herzfeld.
A. J. Halprin, of New York City, for defendant Klinghoffer.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CAMPBELL, District Judge. This is an action in equity, brought by the plaintiff, as trustee in bankruptcy, to set aside certain transfers made by the bankrupt to the defendant Klinghoffer, consisting of a mortgage for $8,500 and a certain promissory note for $5,370.

On the 27th day of March, 1922, a petition was filed with the clerk of this court on behalf of certain creditors to have the defendant Sam Herzfeld, trading under the firm name and style of Brooklyn Floor Covering Company, declared a bankrupt, and thereafter he was adjudged a bankrupt, and the plaintiff was appointed as trustee of said bankrupt and duly qualified. On the 9th day of February, 1922, and within four months prior to the filing of the said petition in bankruptcy, the said defendant Sam Herzfeld executed and delivered to the defendant Klinghoffer his bond and a mortgage covering premises owned by the said defendant Herzfeld, located at No. 678 Broadway, Brooklyn, New York City, and received from said defendant Klinghoffer $5,000 by check, which was deposited by the said defendant Herzfeld in his bank, and the proceeds became part of the funds used by the said defendant Herzfeld in his business; the balance of $3,500 being the amount due from said defendant Herzfeld to the said defendant Klinghoffer on open account, a pre-existing debt, which was discharged by the giving of said mortgage.

No evidence of any kind was offered on the trial to show the assets and liabilities of the defendant Herzfeld at the time of the making of said mortgage, or that he was insolvent at that time. No evidence of any kind was offered on the trial to show that the defendant Klinghoffer knew at the time of the making of the said mortgage what was the financial condition of the defendant Herzfeld, nor was it shown that anything came to his knowledge sufficient to put him on notice or require him to make any investigation with respect thereto. No evidence of any kind was offered on the trial to show that the defendant Herzfeld and the defendant Klinghoffer had entered into any conspiracy with reference to the affairs or property of the said bankrupt.

The bond and mortgage were regularly executed and the mortgage was left with a lawyer to record. While there was a short delay in recording the same, that cannot be properly charged to either of the defendants, as the lawyer with whom the mortgage was left for record satisfactorily accounted for such delay by proof of his illness.

[1] The plaintiff contends that section 67e of the Bankruptcy Law (Comp. St. § 9651) is controlling in this case, and so much of said section as is claimed to apply to the instant case reads as follows:

"(e) That all conveyances, transfers, assignments, or incumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or incumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors."

Under this section of the law, it was not necessary to show that the defendant Klinghoffer, the transferee, participated in any fraud, or that he knew or was required to make inquiry as to whether the mortgagor contemplated bankruptcy. But it was necessary for the plaintiff to show, in order to recover, that the bankrupt made the mortgage with the intention to hinder, delay, or defraud his creditors, and this was not done. In order to set aside the said mortgage the plaintiff was bound to show actual fraud. Coder v. Arts, 213 U. S. 240–245, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; In re Bloch, 142 Fed. 674–676, 74 C. C. A. 250.

[2] It is true in the instant case that suspicion was aroused by reason of later developments, but the mortgage should not be set aside on suspicion, and no proof of actual fraud was shown. The testimony shows that, on the giving of the mortgage for $8,500, $5,000 in cash in the form of a check, payment of which was received by the bankrupt, was actually given; that this sum went into the funds of his business, and that at the suggestion of the defendant Klinghoffer, and not at the suggestion of the bankrupt, the mortgage was made to include the amount of his then open account and thereby his credit was extended as to the same.

While this was a pre-existing debt, still that of itself is not sufficient to set aside the transfer, even to that extent, because the most that could be said about it would be that thereby a preference might have been given to the mortgagee. But, having found that he had no knowledge nor was he put on notice as to the financial condition of the bankrupt, the fact that such preference might be created cannot be availed of by the plaintiff as a ground for setting said mortgage aside, even as to the extent of the amount of such pre-existing debt. Under the circumstances, no finding of an intent on the part of the bankrupt to hinder, delay, or defraud his creditors can possibly be made, especially in view of the fact that no testimony was offered to show, nor could it reasonably be found from the testimony that was offered that the bankrupt was insolvent at the time of making the said mortgage. And if he was solvent, then no question whatever could arise.

The plaintiff claims that there existed a scheme on the part of the bankrupt to hinder, delay, or defraud his creditors, and that this transaction formed a part thereof. This claim is not supported by the evidence, and there seems to be no connection between this transaction with the defendant Klinghoffer and any other transactions of the bankrupt. The fact remains that Klinghoffer parted with $5,000 in cash at the time he took his mortgage. From all the evidence, I find that the defendant Klinghoffer acted in good faith, and while suspicion as to the good faith of the defendant Herzfeld may arise, on reading the evidence, there is no proof of facts which would warrant the finding that he acted other than in good faith in this particular transaction.

As to the note for $5,370 given by the defendant Herzfeld to the defendant Klinghoffer, which was attacked by the trustee, the evidence shows that said note was given on December 7, 1921, for a present consideration of $5,363 of merchandise sold and delivered at the time by the defendant Klinghoffer to the defendant Herzfeld and of $7 for the cartage of the same. This note fell due on March 7, 1922, and the

transaction has every appearance of having been carried through in good faith by both parties. There is no evidence of any kind to show that this was other than the customary purchase and sale of one merchant from another. The note was paid at maturity.

The trustee attempted to show that said note was twice paid by the bankrupt, but the evidence offered failed completely to convince me that such was the fact. Nothing can be predicated on the testimony of the son of the defendant Klinghoffer as to the accounts due from Herzfeld having been paid, except the sum of $3,500, at the time the mortgage was given, because in common with many in his walk in life, that son considered the note as payment of the claim for which it was given, and that is shown by the books which he kept.

Furthermore, an examination of the bank books offered on the trial convinces me of the good faith of this transaction, and I find that said note was given for a present consideration, in good faith, at the time it was made, and was collected from the bankrupt but once, and that was at maturity, in the regular course of business.

The motions made on behalf of the defendants to strike out testimony, decision on which was reserved, are denied, with exceptions to the defendants who made them.

Judgment is granted to the defendants against the plaintiff, dismissing the four causes of action alleged in the complaint on the merits, without costs.