## IRVING TRUST CO. v. CHASE NAT. BANK.

District Court, S. D. New York.
July 29, 1932.

Bernard A. Grossman, of New York City, for plaintiff.

Rushmore, Bisbee & Stern (by S. S. Jennings, Jr.), of New York City, for defendant.

GODDARD, District Judge.

This is a motion made by the defendant to dismiss the bill of complaint on the ground that it does not set forth facts sufficient to constitute a cause of action. The suit was brought by the trustee in bankruptcy of Martin Bernstein, Inc., to recover a transfer of the bankrupt's property alleged to have been made with intent to hinder, delay, and defraud creditors in violation of section 67e of the United States Bankruptcy Act (title 11, USCA § 107 (e).

The following facts are alleged in the bill of complaint: That on March 4, 1931, the bankrupt borrowed $4,000 from the defendant, the Chase National Bank, giving its promissory note indorsed by three of its officers and directors; that this note was payable on July 6, 1931, interest to maturity being charged and paid in advance; that on August 8th, the bankrupt paid $3,000 on account of the renewal note, and on August 11th paid the balance of $1,000, thereupon receiving from the bank the note and rebate of the interest for the unexpired term; that at the time these payments were made, the bankrupt was insolvent and its officers, who indorsed the note, knew it to be insolvent, and it had numerous substantial creditors whose obligations were unpaid; that the repayments were made with the intent and purpose on the part of the bankrupt of hindering, delaying, and defrauding the creditors and of benefiting the said officers and the said directors by relieving them of their personal liability of the obligation, who then knew that the bankruptcy was imminent. And it is further alleged "that said repayments were received by defendant in good faith and that at no time did defendant have knowledge of the matter set forth herein except the making and repayment of the loan." The relief prayed for in the complaint is "that the transfers complained of herein be adjudged void as against plaintiff" and "that defendant be ordered to restore them."

The pertinent part of section 67e of the Bankruptcy Act is as follows: "(e) All conveyances, transfers, assignments, or incumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this title within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or encumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the State, Territory, or District in which such property is situate, shall be deemed null and void under the provisions of this title against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. * * * "

The question is: Can a trustee in bankruptcy under section 67e of the Bankruptcy Act compel the return of a payment of a valid obligation where the one receiving the payment acts in good faith and without participation or knowledge of the intent which the bankrupt has of hindering, delaying, and defrauding the creditors of the bankrupt.

Section 67e of the Bankruptcy Act, 11 USCA § 107 (e), relates to a transfer of property in fraud of creditors without valid consideration, while section 60b of the Bankruptcy Act, 11 USCA § 96 (b), refers to preferences where there was a valid consideration, but nevertheless a preference if the recipient had knowledge or reason to believe that a preference was intended. The distinction between the purposes of section 60b and section 67e of the Bankruptcy Act is clear. There was a good consideration for the payment in the case at bar, as it is well settled that a payment of an antecedent indebtedness is a good consideration at common law, and in Coder v. Arts, 213 U. S. 223, at page 242, 29 S. Ct. 436, 444, 53 L. Ed. 772, 16 Ann. Cas. 1008, it is stated that "in 67e, transfers fraudulent under the well-recognized principles of the common law and the statute of Elizabeth are invalidated." See, also, Lehrenkrauss v. Bonnell, 199 N. Y. 240, 92 N. E. 637; Frank v. Von Bayer, 236 N. Y. 473, 141 N. E. 920.

Section 272 of the Debtor and Creditor Law of New York (Consol. Laws, c. 12) provides: "Fair consideration is given for property, or obligation, a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied. * * *" Section 67e was "intended * * * to require a surrender only of such transfers as would have been fraudulent at common law, or would constitute an act of bankruptcy." "The question as to whether a transfer is made with intent to hinder, delay, or defraud depends upon whether the act done is a bona fide transaction." In re Bloch (C. C. A.) 142 F. 674, at pages 676, 677. The primary purpose of section 67e was "to prohibit the disposition of property by the debtor to persons other than creditors in fraud of the act." Pirie v. Chicago Title & Trust Co., 182 U. S. 438, at page 445, 21 S. Ct. 906, 909, 45 L. Ed. 1171. The payment of just debt is not a fraud upon other creditors at common law; under certain circumstances it is a preference under the express provisions of the Bankruptcy Act. In Wright v. Sampter (D. C.) 152 F. 196, where a payment was made by a bankrupt firm of its indebtedness to its depositor, it was held that it was not a fraudulent conveyance under section 67e where the one who received the money did so in good faith and without knowledge of fraudulent intent on the part of the payor, although there was the prohibited intent on the part of the payor. In Watson v. Adams (C. C. A.) 242 F. 441, where a payment was made by one insolvent and about to become bankrupt, of a debt to his wife who received payment in good faith, it was held that the payment could not be recovered by the trustee in the absence of proof that she participated in the bankrupt's intention to defraud. It is well settled in common law that the intention or knowledge of the recipient must be shown before the conveyance or payment may be declared void for fraud. Lehrenkrauss v. Bonnell, supra; Dudley v. Danforth, 61 N. Y. 626; Greene v. First Savings & Trust Co. (C. C. A.) 36 F.(2d) 680.

The payment to defendant is not void under section 15 of the New York Stock Corporation Law in view of the amendment in 1929 (see Laws 1929, c. 653 [Consol. Laws, c. 59]), which now provides that no conveyance made while insolvent with the intent to prefer shall be valid "except as to any rights or interest which may be acquired thereunder by any person without notice or reasonable cause to believe that such conveyance, assignment, transfer, payment, judgment, lien or security would effect a preference." See Matters v. Manufacturers' Trust Co. (C. C. A.) 54 F.(2d) 1010.

I think it is clear that the bill of complaint does not set forth a cause of action against the defendant for the reason stated above. To interpret section 67e of the Bankruptcy Act to mean that a trustee in bankruptcy could recover from a former creditor of the bankrupt money paid in satisfaction of a just debt where the payment was received in good faith in the course of business, although the payor did intend to hinder and defraud other creditors, would be contrary to the purposes of the Bankruptcy Act and seriously interfere with commercial transactions.

The question as to what rights the trustee may have against the officers of the bankrupt for thus releasing themselves from their secondary liability is not now before me.

Accordingly the motion to dismiss the bill of complaint is granted.