In re HANDERSON.
No. 55481.

District Court, S. D. New York.
Jan. 9, 1933.

Max Steinberg, of New York City, for receiver Julius Lichtenberg.

Kennedy & Kennedy, of Haverstraw, N. Y., for National Bank of Haverstraw & Trust Co.

PATTERSON, District Judge.

The bankrupt operated a garage in Haverstraw, N. Y. He owed $1,300 to the National Bank of Haverstraw. To secure this pre-existing indebtedness, he executed and delivered a chattel mortgage covering certain specified machinery and equipment used in the garage. The property remained in the bankrupt's possession for the time being, but the mortgage was promptly filed in the proper public office. There was evidence tending to show that at that time the bankrupt was insolvent. A voluntary petition in bankruptcy was filed some nine months later.

The receiver commenced this proceeding to have the chattel mortgage declared void, on the ground that it was fraudulent as to creditors and also on the ground that no notice of the mortgage was given to creditors as provided by section 230-a of the New York Lien Law (Consol. Laws N. Y. c. 33). The bank appeared generally and opposed the petition. The referee found that the bankrupt was insolvent when the mortgage was given and that the bank had knowledge of that fact. Upon these findings he came to the conclusion that the mortgage was not given in good faith for fair consideration, and that it was void as to creditors.

In my opinion the referee was in error. Upon the undisputed facts the mortgage was a valid lien.

1. The mortgage was not a fraudulent conveyance. All that we have here is the giving of collateral security in support of a pre-existing debt at a time when the debtor was insolvent, more than four months before his bankruptcy. At common law a pre-existing indebtedness is sufficient consideration to uphold either a conveyance or mortgage, and a mortgage given to secure an antecedent obligation is not fraudulent as to creditors, even though the mortgagor be insolvent at the time. Lehrenkrauss v. Bonnell, 199 N. Y. 240, 92 N. E. 637. The same is true under the present New York statutes. Under the Debtor and Creditor Law (Consol. Laws N. Y. c. 12), dealing with fraudulent conveyances, it is expressly declared (section 272) that fair consideration is given for property when it is received "in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained." It is clear, therefore, that the taking of the chattel mortgage on the machinery was not fraudulent, and there is nothing to indicate that the bank was not acting in entire good faith in the transaction. Its only purpose was to obtain security for a debt owed to it, a purpose by no means fraudulent. The most that can be said in disparagement of the mortgage is that it was an attempt by an insolvent debtor to prefer the bank over his other creditors. Since it preceded bankruptcy by more than four months, however, it is not open to attack as a voidable preference. Bankruptcy Act § 60, 11 USCA § 96.

2. It is equally plain that the chattel mortgage was not invalidated by section 230-a of the Lien Law. That section provides that a mortgage upon "a stock of merchandise," or upon "merchandise and fixtures pertaining to the conduct of the business of the mortgagor," shall be void as to creditors, unless an inventory be prepared and prior notice of the proposed incumbrance be given to creditors. Here the mortgage covered only enumerated tools and equipment in a garage. Articles of this kind cannot fairly be classified as "a stock of merchandise" or as "merchandise and fixtures," which refer to the same things as are embraced in the Bulk Sales Act (see Personal Property Law N. Y. [Consol. Laws c. 41] § 44). Compare In re Henningsen (C. C. A.) 297 F. 821.

An order reversing the referee's order and declaring the mortgage valid may be submitted.