WILLIAM J. HOOD, Respondent, *v.* HOWARD A. WEBSTER
et al., Appellants.

(Argued March 12, 1936; decided April 21, 1936.)

*Carrollton A. Roberts* for appellants.

*William MacFarlane* for respondent.

LOUGHRAN, J. Florence F. Hood owned a parcel of farm land in the town of Phelps, Ontario county. This property had been devised to her by her husband, whose will said that, should she predecease him, he wanted his estate to go to his brother, the plaintiff here. In 1913 Mrs. Hood executed a deed of the farm to the plaintiff and delivered it to his attorney as an escrow to take effect on her death. The Appellate Division has confirmed a finding of the Equity Term that this delivery was subject to no other condition. A majority of this court has come to the conclusion that the contrary of the fact so found may not be declared as matter of law on this record.

Having all along occupied the property, Mrs. Hood in 1928 granted it to the defendants (her brother and a nephew) by a deed then recorded. She died in 1933. The prior deed held as an escrow was thereupon delivered over to the plaintiff who had it recorded. In this action to annul the subsequent deed to the defendants, it has been held that on the foregoing facts the plaintiff was entitled to prevail.

On this appeal by the defendants, the parties concede that the case made by the findings depends for its solution upon the force and effect of section 291 of the Real Property Law (Cons. Laws, ch. 50). It is thereby provided that every conveyance of real property not recorded " is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."

Did the single circumstance that the subsequent deed to the defendants was first on record establish, in the absence of evidence to the contrary, the matters thus essential to avoid the prior deed to the plaintiff?

We think this question of burden of proof as fixed by the recording act is not for us an open one. The defendants were bound to make out by a fair preponderance of evidence the affirmative assertion of their status as purchasers in good faith and for a valuable consideration. (*Westbrook* v. *Gleason*, 79 N. Y. 23; *Ten Eyck* v. *Witbeck*, 135 N. Y. 40; *Lehrenkrauss* v. *Bonnell*, 199 N. Y. 240, 243.)

*Brown* v. *Volkening* (64 N. Y. 76) and *Constant* v. *University of Rochester* (111 N. Y. 604; 133 N. Y. 640), as read by us, are not authorities to the contrary. In those cases the court did say that the party who claimed under an unrecorded conveyance was required to prove that the subsequent record purchaser took with notice. But here, as elsewhere, it must be kept in mind that the phrase " burden of proof " may stand in one connection " for the never changing burden of establishing the proposition in issue," and in another " for the constantly changing burden of producing evidence." (Thayer, Preliminary Treatise on Evidence, pp. 353–389.) In the *Brown* and *Constant* cases the controlling factor was that substantial value had been paid for the subsequent conveyance. That fact was more than evidence of consideration. It was further the basis for the auxil-

iary inference that there was also good faith in the transaction, and what was said respecting the burden of proof had reference to the duty of adducing evidence to repel that inference. For the same reason, the burden of proof (in the same sense) is upon the holder of an unrecorded conveyance when a subsequent deed first recorded acknowledges receipt by the grantor of a consideration sufficient to satisfy the statute. (*Wood* v. *Chapin,* 13 N. Y. 509, 518; *Page* v. *Waring,* 76 N. Y. 463, 469; *Lacustrine Fertilizer Co.* v. *Lake Guano & Fertilizer Co.,* 82 N. Y. 476, 483; *Ward* v. *Isbill,* 73 Hun, 550.)

We have a different case here. Under their defense of purchase for value without notice the defendants offered no evidence of actual consideration given. The subsequent deed to them expressed their payment of "One Dollar and other good and valuable consideration." This recital was not enough to put them into the position of purchasers for a valuable consideration in the sense of the statute. (*Ten Eyck* v. *Witbeck; Lehrenkrauss* v. *Bonnell, supra.*) The duty of maintaining the affirmative of the issue, and in a primary sense the burden of proof, was cast upon the defendants by the recording act. They failed to discharge that burden.

The judgment should be affirmed, with costs.

CRANE, Ch. J. (dissenting). I cannot agree with Brother LOUGHRAN's view of the law nor with his conclusion on the evidence in this case.

The Real Property Law, section 291, provides: "A conveyance of real property, within the state, on being duly acknowledged by the person executing the same, * * * may be recorded in the office of the clerk of the county where such real property is situated, * * *. Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."

It is conceded that the holder of a prior unrecorded deed has the burden of proving the lack of good faith in the holder of a subsequent recorded deed. The burden is upon him to prove notice or such circumstances as would give notice to a reasonable man. (*Brown* v. *Volkening*, 64 N. Y. 76; *Constant* v. *University of Rochester*, 133 N. Y. 640; *Kirchhoff* v. *Gerli*, 171 App. Div. 160.) I can see no reason for complicating this rule by shifting the burden of proof when it comes to valuable consideration. It is just as easy to prove lack of consideration in this day when parties may be witnesses and examined before trial as it is to prove notice or bad faith. We should not impair the force and efficacy of the recording statutes upon which it has become a habit and custom to rely in the transfer of real property. A deed or mortgage on record is good as against prior unrecorded deeds or incumbrances until notice or bad faith or a lack of consideration is proven. The burden of proof should rest with the person who asserts the invalidity. Such was the view expressed in *Gratz* v. *Land & River Improvement Co.* (82 Fed. Rep. 381, 385; writ dismissed, 173 U. S. 705 [Circuit Court of Appeals, Seventh Circuit]). It was there stated: " It is further objected that the deed from Herbert to Mitchell, being prior in point of time, although subsequent in point of record, was effectual to pass the title of the premises, and was valid against the whole world, except *bona fide* purchasers for value, without notice, and that the burden of proof with respect to the *bona fides* of the deeds subsequent in date, but prior of record, is cast upon those claiming under them. This presents a question not altogether without difficulty, and in respect to which the authorities are not wholly at agreement. *Jackson* v. *M'Chesney*, 7 Cow. 360; *Wood* v. *Chapin*, 13 N. Y. 509; *Shotwell* v. *Harrison*, 22 Mich. 410; *Hoyt* v. *Jones*, 31 Wis. 389, 404; *Lampe* v. *Kennedy*, 56 Wis. 249; 14 N. W. 43; *Cutler* v. *James*, 64 Wis. 173, 179; 24 N. W. 874; *Prickett* v. *Muck*, 74 Wis. 199, 206;

42 N. W. 256. In the state of New York it is ruled that under the recording act the junior purchaser, whose deed is first recorded, is presumptively a *bona fide* purchaser for a valuable consideration, without notice, and that the burden of proof to the contrary rests upon the senior purchaser, whose deed has not been recorded."

Naturally this burden of proof readily shifts and where fraud is shown or circumstances which cast suspicion upon the transactions the defendant — subsequent vendee — may be called upon to show or prove his good faith and the consideration. Such were the cases of *Ochenkowski* v. *Dunaj* (232 App. Div. 441); *Flickinger* v. *Glass* (222 N. Y. 404), and *Seymour* v. *McKinstry* (106 N. Y. 230), upon which the *Flickinger* case was decided.

I go still further, however, and hold that the plaintiff is not entitled to recover on the evidence. Florence F. Hood was a widow of about fifty-five years of age, living alone on a small farm, which is the subject of this action. The plaintiff, William J. Hood, is her brother-in-law. She married his brother. The defendant Almon B. Farwell is her brother, and the defendant Howard A. Webster her nephew. Mrs. Hood was left by her husband with this farm and no money with the exception of a mortgage of $1,200 upon property in Nebraska. She was desirous and anxious to get enough money to live on the farm and the plaintiff proposed to give it to her during her natural life in exchange for the farm. She was brought in January of 1913 to the office of the plaintiff's lawyer, at which time she executed a deed of the farm to the plaintiff and also an agreement, which was part and parcel of one transaction, wherein the plaintiff agreed to pay her $200 a year as long as she lived. The deed was not given to the plaintiff; it was given to the lawyer to hold in escrow for no other purpose that can be imagined except to insure the plaintiff's paying the $200 a year and keeping his agreement. The delivery of the deed in escrow and the promise of the plaintiff were all one

and the same transaction, and the payment of the money by the plaintiff was clearly a condition precedent to be fulfilled before he was entitled to the deed. Florence Hood lived for twenty years thereafter and died on the 29th day of January, 1933. The plaintiff broke all his promises and agreements. He never paid her a dollar, so far as this record shows. He owed her at the time of her death $4,000, not counting simple interest, and the courts below, dealing in equity, have turned over to him the farm, without requiring the plaintiff to do equity and pay to the estate the money he owes.

The agreement drawn by the plaintiff's lawyer went so far as to require Florence Hood, during all the years that she lived, to work the farm and to pay out of its produce all the taxes and upkeep, and this she did. Florence Hood repudiated the plaintiff, no doubt because of his failure to pay her any money or to keep his agreement, and in 1928 executed and delivered a deed of the farm to Howard A. Webster, her nephew, who had come to live with her and help her on the farm. This deed has been recorded and is the one which the plaintiff seeks to set aside and which the courts below have set aside in the face of the plaintiff's default. In this I think the courts were clearly in error as there is no evidence to justify the conclusion that the farm was to be given or the deed to it turned over to the plaintiff without any consideration or regard whatever to his obligations, acts or responsibilities. Even the $1,200 mortgage on the Nebraska property was given to the plaintiff in 1913 on the understanding and agreement that he was to support and care for his sister-in-law by paying $200 a year. This apparently he still keeps or has disposed of.

The plaintiff's lawyer became a witness and testified as to the transaction in his office when the deed and agreement were drawn up: " She also stated in substance, I can't give her exact words, ' that she was not well

off, financially,' and ' that she wanted to be certain of some income during her life; that certain loans had been made by her, and her husband, to members of her own family, which had not turned out well, and that she felt that she could rely upon William J. Hood.' * * * During the conversation, as I say, Mrs. Hood said ' that she wanted to be assured of some income during her life,' and it was stated that she had a mortgage on some property in Nebraska for $1,200, which she was going to turn over to William J. Hood, and that she was also going to agree to pay to William J. Hood at any time which he might demand it, an additional sum of $500, and that William J. Hood was going to pay her $200 per year during her lifetime * * *."

Martha T. Hood, the wife of the plaintiff, became a witness for him and testified that Mrs. Hood said the following: " Why, she didn't know what she was going to do if she used her money. She would soon be out of money, and her agreement with Mr. Will Hood was that she would be assured of an income each year which would reduce her worries a great deal."

With this attitude and fear of poverty Mrs. Hood on January 22, 1913, executed a deed of the farm to William J. Hood, which was not delivered to him or given to him, but was put by his lawyer in the lawyer's safe and kept in escrow for no other purpose or reason that I can see except to bind and hold William to the fulfilment of his agreement executed at the same time. The instrument is dated January 22d, and William J. Hood of Rochester becomes party of the first part, and Florence Hood of the town of Phelps, Ontario county, party of the second part. It recites that " Whereas " a deed of even date has been delivered in escrow to be delivered to William J. Hood upon the death of Florence J. Hood, that " Now, therefore, for and in consideration of the making and delivery in escrow of said deed, and of the covenants and agreements herein expressed, the said

party of the first part in consideration thereof and a further sum to be agreed upon by the parties hereto, not to exceed however the sum of Five Hundred Dollars ($500.00) in addition to the property above transferred, to be paid to him by the said party of the second part, does hereby agree that he will pay or cause to be paid to the said party of the second part during the term of her natural life the sum of Two Hundred Dollars ($200.00) per year or more at his option, to be paid quarterly, the said sum to be paid in addition to any income derived by said party of the second part from the use of said farm. * * *

" It is mutually agreed that the party of the second part shall pay all taxes, necessary repairs and operating expenses of said farm out of the income therefrom."

When we consider that this elderly widow had nothing but a farm which had to be worked, and was in fear and dread of financial distress, there is only one possible conclusion, in my judgment, to be drawn from the execution of these instruments. Florence Hood was to give the farm to William Hood at her death in consideration for his paying to her $200 a year for her to live on; and that it was never her intention or any part of the transaction that he should have the farm for nothing or in default of his obligation. The courts below have given him the farm for nothing, so far as this record shows, instead of to the nephew who helped his aunt work the farm in order to meet taxes, upkeep and a living.

The record is none too full, so that the conclusions which I have drawn are based entirely upon the evidence or lack of evidence which appeared on the trial. As a matter of law, therefore, on this evidence, the plaintiff failed to make out a case entitling him to equitable relief and the removal of the defendants' deed from the record.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, O'BRIEN, CROUCH and FINCH, JJ., concur with LOUGHRAN, J.; CRANE, Ch. J., dissents in opinion in which HUBBS, J., concurs on the second ground stated.

Judgment affirmed.