**In re GREAT EASTERN FUR DYEING & DRESSING CO., Inc.**

No. 29503.

District Court, E. D. New York.

June 3, 1936.

Bernstein & Lipke, of New York City (Louis P. Rosenberg, of Brooklyn, N.Y., of counsel), for the motion.

Arthur Leonard Ross, of New York City, opposed.

BYERS, District Judge.

This is a motion to review and revise an order by a referee in bankruptcy holding that a chattel mortgage was void which was given by the bankrupt more than four months prior to the filing of the petition, on the ground that it was given to secure the same debt which was the subject of an earlier chattel mortgage which had not been timely refiled, and in the absence of additional consideration it constituted a fraudulent lien; and that there was no proof of actual consent by the holders of two-thirds of the stock of the mortgagor.

The latter infirmity, if such it was, also affected the original mortgage.

The bankrupt was organized in 1932, when D'Amato incorporated his business; in June of 1934 it borrowed in excess of $2,500.00 from Rafel & Jacowitz for business purposes. The corporation caused a chattel mortgage in that sum to be delivered to the lenders, which was duly filed June 4, 1934.

The status of the corporation at that time as to its stockholders and officers is extremely vague, and seemingly no corporate minutes were produced before the referee. There is nothing said about the business activities for the first two years, and stock in the corporation seems never to have been issued, so far as the certificates are concerned.

When the chattel mortgage was executed, it is to be supposed that at least one officer had been clothed with the necessary authority, but as all the exhibits mentioned in the minutes have been omitted from the papers accompanying the referee's certificate, it is impossible to state who that officer was.

This subject is referred to because it is not entirely clear that there was any valid corporate act embodied in the execution, delivery if any, and filing of the chattel mortgage.

That mortgage was not refiled within the statutory period and therefore was "invalid as against creditors" of the bankrupt pursuant to section 235 of the Lien Law of the State of New York (Consol.Laws, c. 33).

On August 20, 1935, a chattel mortgage was filed which had been executed apparently by the bankrupt, to secure the payment of the same $2,500.00 to Rafel & Jacowitz. It is that mortgage which is the subject of the report under examination.

The precise character of that instrument is not easy of identification.

D'Amato testified concerning it that Jacowitz stated the requirement thus: "He

explained that we let too much time pass and that the new one would have to be made to *refile it properly.*" (Italics supplied.)

Of course there could be no literal refiling of the original mortgage, and the witness, who was a layman, probably meant that the original loan was being secured by a mortgage which would take the place of the one under which the lien had lapsed as against creditors.

█ █ In order that this second mortgage should reflect a valid corporate act, there must be a showing of authority on the part of the officer who executed it. The assumption is that D'Amato did the signing, but whether he had ever been constituted as an officer of the corporation does not appear with sufficient clarity from the testimony of Mr. Bernstein, the attorney who organized the corporation,. to justify a finding on the subject. He says an informal meeting was held, between Jacowitz, Rafel and D'Amato; "Mr. D'Amato was elected president and Mr. Charles Altman, the attorney, as secretary. There was never any change of the officers after that nor further meetings held and no election of officers held."

The foregoing is not deemed sufficient, because it does not appear that Bernstein himself was present at the so-called informal meeting, and consequently his knowledge of what took place is not shown. He does not say that no minutes were kept, and while the officers might have been duly elected even though the proceedings of the meeting were not recorded, the testimony on the subject should be that of some one who was present.

The facts as to the respective stockholdings should be developed by such evidence as is available and not left in the unsatisfactory condition revealed by the present record.

If In re Victoria Fusilli Co. (C.C.A.) 79 F.(2d) 611, is to control the decision of this case as to the fact of the two-thirds consent on the part of stockholders, without reference to formalities, it is none the less necessary to ascertain as the basis for a holding, whether there were actually any stockholders whatever of this corporation. That is to say, whether the organization of the corporation was ever carried forward sufficiently so that it could function in the legal sense, and create a valid lien upon its property.

Although two lawyers seem to have hovered in .the general vicinity, the evidence is inconclusive as to the extent to which either or both enabled the legal entity to accomplish desired results.

It is apparent that these preliminary questions require solution before it can be known whether what was attempted on or about August 20, 1935, can gain anything from the decision of Tremaine v. Mortimer, 128 N.Y. 1, 27 N.E. 1060, which was discussed in Re Active Wet Wash Laundry Co. (D.C.) 8 F.Supp. 964.

█ The record is also deficient as to the solvency of the bankrupt on or about August 20, 1935. The books and records should have been produced, if it was deemed necessary to consider that aspect of the case, as to which In re Handerson (D.C.) 3 F.Supp. 92, should be consulted.

The certificate states that the giving of the mortgage filed August 20, 1935, "at a time when the mortgagor was insolvent, constituted a fraudulent lien."

The foregoing is thought to require reconsideration in connection with the taking of further testimony as herein indicated in connection with the subject of the corporate constituency.

The matter will be sent back to the referee for further hearing and report to the court.

Settle order on notice.