VERNON J. DANKERT and EDITH DANKERT, Appellants, *v.* M. MURPHY & SON, INC., Respondent.

Fourth Department, November 22, 1939.

*Dowd & Shane* [*G. Sydney Shane* of counsel], for the appellants.

*Quigley, Vedder & McCarthy* [*Earl C. Vedder* of counsel], for the respondent.

PER CURIAM. In this action, which plaintiffs brought to recover damages alleged to have been sustained as the result of defendant's unlawful entry upon their farm and the severance and removal therefrom of certain standing timber, plaintiffs have been denied any recovery and their complaint dismissed upon the ground that their title, under a duly recorded warranty deed, is subject and subordinate to defendant's right to cut and remove the timber under an unrecorded written contract bearing date prior to the date of plaintiffs' deed. The referee found that plaintiffs did not become purchasers of this farm in good faith and for a valuable consideration.

We are of the opinion that the findings of fact, which were made by the official referee before whom the case was tried, fail to support the judgment. The referee found that the consideration for the transfer to plaintiffs was the cancellation of a pre-existing debt approximating $2,300 which Anthony Abbey (one of plaintiffs' grantors) owed to the plaintiff, Vernon J. Dankert, and plaintiffs' assumption of and agreement to pay an existing $1,400 mortgage on the premises. The assumption of the mortgage and the agreement to pay the same under a covenant in the deed to them, constituted a valuable consideration within the meaning of section 291 of the Real Property Law. (See *Hood* v. *Webster*, 271 N. Y. 57, and *O'Brien* v. *Fleckenstein*, 180 id. 350, and cases therein cited.) The referee also found that, at the time of the execution and delivery of the deed to plaintiffs, neither of the plaintiffs had any knowledge or notice of the existence of the defendant's timber contract. In view of this finding and of the lack of findings of facts showing bad faith, the conclusion that plaintiffs did not become purchasers in good faith is unwarranted. The referee indicated in his memorandum that he thought there was no evidence before him which would support a contrary finding. We find evidence in the record which, if credible, tends to prove that plaintiffs — at about the time they acquired title to the farm — authorized defendant to cut and remove the timber described in defendant's contract, which authorization had not been withdrawn at the time of the alleged trespass. While the defendant did not plead authorization or consent as a defense, this evidence should have been considered in connection with other facts and circumstances attending the transfer, bearing upon the question as to whether plaintiffs were purchasers in good faith, but this evidence appears not to have been considered. The interests of justice, therefore, would seem to require a new trial so that the rights of the parties may be more fully considered and determined.

The judgment should be reversed on the law and the facts, and a new trial ordered, with costs to appellants to abide the event. Certain findings of fact disapproved and reversed.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Certain findings of fact disapproved and reversed.